AKRON BAR ASSOCIATION *v*. FINK.

[Cite as *Akron Bar Assn. v. Fink,* 131 Ohio St.3d 34, 2011-Ohio-6342.]

*Attorneys at law—Failure to cooperate in a disciplinary investigation—Engaging in conduct prejudicial to the administration of justice—Public reprimand.*

(No. 2010-2140—Submitted February 2, 2011—Decided December 14, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-011.

_____

**Per Curiam**.

{¶ 1} Respondent, Eric R. Fink of Kent, Ohio, Attorney Registration No. 0071059, was admitted to the practice of law in Ohio in 1999. In February 2010, relator, Akron Bar Association, filed a complaint alleging that Fink had failed to cooperate in a disciplinary investigation and therefore had engaged in conduct prejudicial to the administration of justice.

{¶ 2} The parties have submitted stipulations of fact and misconduct, and a panel of the Board of Commissioners on Grievances and Discipline conducted a hearing to determine the appropriate sanction for Fink's misconduct. The board has accepted the parties' agreed stipulations and the panel's recommendation that we publicly reprimand Fink for his conduct. We adopt the board's findings of fact and misconduct and hereby publicly reprimand Fink for failing to respond to the disciplinary investigation initiated by relator.

### Misconduct

{¶ 3} The stipulated facts of this case and Fink's hearing testimony demonstrate that in May 2009, a husband and wife who were former clients of Fink filed a grievance against him. Despite having received letters of inquiry from relator regarding the grievance, Fink failed to respond to the allegations

against him.  Fink also failed to comply with two subpoenas duces tecum ordering him to appear and be deposed—one that had been served on his legal assistant and another that had been personally served on him.

{¶ 4}  Based upon information relator obtained through sources other than Fink, the underlying grievance against him was dismissed.  After relator filed its complaint charging Fink with violations of Prof.Cond.R. 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation), Fink contacted relator.  Fink later filed an answer, sent a letter to relator outlining the facts of the complaint, and met with representatives of relator's grievance committee to answer their questions.

{¶ 5}  At the hearing, Fink admitted that he had received but had not responded to relator's inquiries.  He testified that he did not recall opening the certified mail and had not appreciated the gravity of the situation.  When another local attorney informed him of its seriousness and advised him to take immediate action, he did.  Fink stated that he now realizes that relator's investigation was of the highest importance and that it was necessary to respond immediately.  He repeatedly stated that he had no excuse for his failure to cooperate in the investigation and that his failure to respond to the subpoenas was a "terrible mistake."

{¶ 6}  The parties have stipulated, and the panel and board have found, that Fink's conduct violated Prof.Cond.R. 8.4(d) and Gov.Bar R. V(4)(G).  We accept these findings of fact and misconduct.

## Sanction

{¶ 7}  When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases.  *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16.   In making a final

determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 8} At the panel hearing, Fink testified that in an effort to prevent similar problems in the future, he now reads all his correspondence and has taken an online course on how to manage a solo law practice. He denies having any mental-health or substance-abuse issues, and he meets with a mentor from the Akron Bar Association Lawyers Assistance Committee to discuss practice issues.

{¶ 9} Of the mitigating factors set forth in BCGD Proc.Reg. 10(B)(2), the board found the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, Fink's eventual cooperation with relator's investigation, and evidence of his good character as demonstrated by the letters of two attorneys, one of whom serves as a mediator for the Portage County Court of Common Pleas, and two clients, one of whom has been a personal friend of Fink for 18 years. See BCGD Proc. Reg. 10(B)(2)(a), (b), (d), and (e). The board also found that Fink's conduct did not cause any harm or monetary loss to his clients, that he suffers from no mental problems or alcohol or drug abuse, and that he acknowledges his rule violations and the necessity of responding to disciplinary investigations in the future. The board did not find any aggravating factors.

{¶ 10} We have previously imposed public reprimands in other cases involving similar conduct. See, e.g., *Columbus Bar Assn. v. Deffet*, 98 Ohio St.3d 384, 2003-Ohio-1090, 785 N.E.2d 746, ¶ 5-6 (publicly reprimanding attorney for professional misconduct, including neglecting an entrusted legal matter, providing legal advice to an unrepresented opposing party, initially failing to cooperate with the disciplinary investigation, and failing to properly register as an attorney with the Supreme Court); *Cleveland Bar Assn. v. Allanson* (1995), 72 Ohio St.3d 228,

229, 648 N.E.2d 1340 (publicly reprimanding attorney for failing to cooperate in a disciplinary investigation and failing to comply with attorney-registration requirements for the 1989/1991 and 1991/1993 biennial periods).

{¶ 11} Timely response to disciplinary investigations is necessary to preserve the integrity of, and public confidence in, the legal profession. We do not condone Fink's decision to turn a blind eye to certified letters seeking his response to a client grievance and to subpoenas ordering him to appear and be deposed. However, in light of the remaining mitigating factors found by the board and hereby adopted by this court, and the remedial actions undertaken by Fink to ensure his future compliance, we agree that a public reprimand is an appropriate sanction for Fink's misconduct.

{¶ 12} Therefore, we hereby publicly reprimand Eric R. Fink for his failure to respond to a disciplinary investigation initiated by the certified grievance committee of the Akron Bar Association. Costs are taxed to Fink.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

John F. Herman Co., L.P.A., and John Herman; and Corizin, Sanislo & Ufholz, L.L.C., and Kevin R. Sanislo, for relator.

Eric R. Fink, pro se.

_____