DISCIPLINARY COUNSEL *v.* LEHMKUHL.

[Cite as *Disciplinary Counsel v. Lehmkuhl,* 137 Ohio St.3d 71,

2013-Ohio-4539.]

*Attorneys—Misconduct—Violating the Rules of Professional Conduct by bringing a proceeding unsupported by law—Neglecting to assist in a disciplinary investigation—Public reprimand.*

(No. 2012-1719—Submitted July 9, 2013—Decided October 16, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-110.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Phillip Douglas Lehmkuhl of Mount Vernon, Ohio, Attorney Registration No. 0021246, was admitted to the practice of law in Ohio in 1978.

**{¶ 2}** In a December 5, 2011 complaint, relator, disciplinary counsel, charged Lehmkuhl with professional misconduct based on (1) his failure to conduct an investigation to identify the proper party-defendants before filing a defamation action, (2) his failure to timely amend his complaint when he learned that he had erroneously filed suit against the daughter of the intended defendants, and (3) his failure to respond to the ensuing disciplinary investigation.

**{¶ 3}** The parties stipulated, and the panel found, that Lehmkuhl's conduct with regard to the defamation action violated Prof.Cond.R. 3.1 (prohibiting a lawyer from bringing or defending a proceeding that is unsupported by law or lacks a good-faith argument for an extension, modification, or reversal of existing law) and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice) and that his failure to cooperate with

relator's investigation violated Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) and Gov.Bar R. V(4)(G) (prohibiting a lawyer from neglecting or refusing to assist in a disciplinary investigation). Relator withdrew several other alleged violations, and the parties agreed that Lehmkuhl should be publicly reprimanded for his misconduct.

{¶ 4} The Board of Commissioners on Grievances and Discipline recommends that we dismiss the allegations that Lehmkuhl violated Prof.Cond.R. 8.4(d) and (h). It adopted the parties' remaining stipulations and recommends that we publicly reprimand Lehmkuhl for his misconduct. For the reasons that follow, we adopt the board's findings of fact and agree that a public reprimand is the appropriate sanction in this case.

**Misconduct**

{¶ 5} The parties stipulated that in December 2009, Lehmkuhl filed a civil action in the Morrow County Court of Common Pleas on behalf of himself, his wife, and Arlene and Timothy J. McAfee. In his complaint, he alleged that the named defendants, Joseph and Amanda Erb, were a married couple residing on Township Road 197 in Marengo, Ohio, and that on December 13, 2009, they had been interviewed by a local television news crew about the purported treatment of horses owned by the Lehmkuhls and pastured by the McAfees. Lehmkuhl further alleged that Joseph and Amanda Erb made numerous false accusations against the plaintiffs with careless disregard as to whether the statements were true, with the intent to defame the plaintiffs.

{¶ 6} In their January 20, 2010 answer and counterclaim, Joseph and Amanda Erb admitted that Joseph had spoken with the news crew and expressed his opinions regarding the treatment of the Lehmkuhls' horses. The Erbs stated, however, that Amanda was Joseph's daughter, not his wife, and denied that Amanda had any involvement in the incident. In their March 8, 2010 motions for

summary judgment and for sanctions pursuant to Civ.R. 11, they alleged that Amanda was not a proper party to the action. Despite having been advised as early as January 2010 that he had erroneously named Erb's daughter as a defendant in the defamation action, Lehmkuhl waited until May 4, 2010, to dismiss the claims against her and did not seek leave to amend his complaint until May 6, 2010.

{¶ 7} On March 23, 2010, Joseph and Amanda Erb filed a grievance against Lehmkuhl, but relator dismissed it in May 2010 and advised Erb that he could refile it at the conclusion of the underlying litigation. During settlement negotiations in the defamation case, Lehmkuhl attempted to condition the dismissal of his civil case on the Erbs' agreement to abandon their grievance against him. After he was advised that such a condition would violate ethical rules, however, he settled the case without any limitations on the Erbs' right to pursue their disciplinary grievance. Mr. Erb refiled his grievance in April 2011.

{¶ 8} In response to relator's first letter of inquiry, Lehmkuhl requested an extension of time to reply, but he never provided a response. Two days after Lehmkuhl's father-in-law died, relator sent a second letter of inquiry by certified mail. Though he received the letter, he did not respond due to the family turmoil surrounding his father-in-law's death. He also failed to appear for a deposition in relator's office after being personally served with a subpoena duces tecum because the date did not get placed on his calendar.

{¶ 9} The parties stipulated and the panel initially found that by naming Amanda Erb as a defendant in his defamation action and then failing to timely amend his complaint once he discovered that she was not a proper party, Lehmkuhl violated Prof.Cond.R. 3.1 and 8.4(d). In addition, the parties stipulated and the panel found that Lehmkuhl's failure to respond to relator's letters and his failure to appear for the deposition after having been served with a subpoena violated Prof.Cond.R. 8.4(h) and Gov.Bar R. V(4)(G). The board found that

Lehmkuhl's conduct violated Prof.Cond.R. 3.1 and Gov.Bar R. V(4)(G) and indicated that the panel had dismissed the remaining violations.

{¶ 10} We remanded the case to the board with instructions to clarify the apparent discrepancy between the findings as stated in the panel report and the board's recitation of those findings in its own report. The board submitted a supplemental report, stating that after a discussion at its October 5, 2012 meeting, the board (with the consent of the hearing panel) adopted a motion to amend the panel report to delete the findings that Lehmkuhl had violated Prof.Cond.R. 8.4(d) and (h). Thus, the board unanimously found that Lehmkuhl's conduct violated only Prof.Cond.R. 3.1 and Gov.Bar R. V(4)(G).

{¶ 11} We adopt the board's findings of fact and misconduct.

**Sanction**

{¶ 12} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 13} The board found that there are no aggravating factors present in this case and that just one mitigating factor—the absence of a prior disciplinary record—is present. *See* BCGD Proc.Reg. 10(B)(1) and 10(B)(2)(a). Citing *Akron Bar Assn. v. Fink*, 131 Ohio St.3d 34, 2011-Ohio-6342, 959 N.E.2d 1045, in which we publicly reprimanded an attorney who had failed to cooperate in the disciplinary process in violation of Prof.Cond.R. 8.4(d) and Gov.Bar R. V(4)(G), the board adopted the parties' stipulated sanction of a public reprimand.

{¶ 14} In *Disciplinary Counsel v. Gallo*, 131 Ohio St.3d 309, 2012-Ohio-758, 964 N.E.2d 1024, ¶ 5-6, 20-21, we publicly reprimanded an attorney who

failed to take reasonable steps to verify the identity of a person who he thought was staring at his domestic-relations client outside a judge's office suite before accusing the judge, who was in a relationship with the client's spouse, of engaging in a pattern of harassing and threatening conduct. Gallo relied on the identification of a client he barely knew, a telephonic identification by his employer, and his own determination that the man he had seen in the courthouse matched an online photograph of the judge he accused of professional misconduct. *Id.* at ¶ 20.

{¶ 15} Similarly, Lehmkuhl relied on information obtained by his wife and on Mrs. McAfee's indication that the name Amanda sounded correct. In retrospect, he acknowledged that he should have attempted to independently verify Mrs. Erb's first name before filing his complaint and that he should not have waited for additional discovery before amending his complaint to name the proper defendant. He stated that once he realized that it would be an ethical violation to require the Erbs to drop their grievance as part of a settlement of the defamation action, he settled the case without any restrictions on their ability to pursue a grievance against him.

{¶ 16} Although Lehmkuhl explained that his father-in-law's death and its impact on his family prevented him from timely responding to relator's investigation, he openly acknowledged his mistakes and accepted full responsibility for his misconduct. He also stated that he has made changes to his office procedures to ensure that depositions, court appearances, and deadlines are properly logged on his calendar.

{¶ 17} Having considered the misconduct, the absence of aggravating factors, the absence of any prior disciplinary record, Lehmkuhl's willingness to accept responsibility for his actions, and the sanctions we have imposed for comparable misconduct, we find that a public reprimand is the appropriate

sanction in this case. Therefore, we adopt the board's findings of fact and conclusions of law and adopt its recommended sanction.

{¶ 18} Accordingly, we publicly reprimand Phillip Douglas Lehmkuhl for initiating a defamation action without adequately investigating the identity of the proper defendants, failing to timely amend his complaint when he learned that he had misidentified one of the defendants, and failing to cooperate in the ensuing disciplinary investigation. Costs are taxed to Lehmkuhl.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Stacey Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Phillip Douglas Lehmkuhl, pro se.

_____