[Cite as *Klan v. Med. Radiologists, Inc.*, 2014-Ohio-2344.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


ROBERT M. KLAN,                                        :

     Plaintiff-Appellant,                         :

     - vs -

MEDICAL RADIOLOGISTS, INC., et al.,        :

     Defendants-Appellees.                    :

CASE NO. CA2014-01-007

O P I N I O N
6/2/2014


CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 13CV84541


Herbert Creech, 200F Jamestown Circle, Dayton, Ohio 45458, for plaintiff-appellant

Dinsmore & Shohl, LLP, Thomas P. Whelley and Joseph C. Krella, 1100 Courthouse Plaza, S.W., 10 North Ludlow Street, Dayton, Ohio 45402, for defendant-appellee, Medical Radiologists, Inc.

Freund, Freeze & Arnold, LPA, Neil F. Freund and Lindsay M. Johnson, Fifth Third Center, 1 South Main Street, Suite 1800, Dayton, Ohio 45402, for defendant-appellee, Richard G. Knostman


     **S. POWELL, J.**

     {¶ 1}  Plaintiff-appellant, Robert M. Klan, appeals from the decision of the Warren County Court of Common Pleas dismissing, with prejudice, his complaint filed against defendants-appellees, Richard G. Knostman and Medical Radiologists, Inc. (collectively,

appellees).  For the reasons outlined below, we affirm in part and reverse in part.[1]

{¶ 2}  On August 9, 2013, Klan filed a complaint in the Warren County Court of Common Pleas against appellees.[2]  As it relates to Medical Radiologists, Klan's entire claim against it alleged the following:

> 1.  On May 5, 2012 defendant Medical Radiologists caused to be filed against plaintiff case number 2012 CVF 00438 in the County Court of Warren County Ohio.
>
> 2.  The case mentioned in paragraph one was filed by said defendant when defendant knew or should have known that plaintiff was not liable in the relevant premises or was negligent or reckless in that regard.
>
> 3.  The case mentioned in paragraph one was ultimately resolved in favor of plaintiff, but the events therein transpired in such a way as to cause plaintiff damages which will be demonstrated at trial of this case.[3]
>
> 4.  Among other things, the actions by said defendant complained of in paragraphs one through three hereof constitutes the tort of abuse of process for which said defendant is liable to plaintiff.

{¶ 3}  In addition, as it relates to Knostman, Klan's entire claim against him alleged the following:

> 1.  All paragraphs of the first cause of action are incorporated herein as if fully rewritten here.
>
> 2.  All actions complained of in the first cause of action were orchestrated by defendant Richard G. Knostman and were undertaken under circumstances wherein he knew or should have known them to be without basis in law or fact or was negligent or reckless in that regard.
>
> 3.  Among other things, the actions complained or being taken by

---

1.  Pursuant to Loc.R. 6(A), we have sua sponte removed this case from the accelerated calendar.

2.  Klan also named Equifax Credit Information Services, LLC, as a defendant alleging claims of libel, slander, and violations of the Fair Credit Reporting Act.  However, Klan later dismissed his claims against Equifax on October 21, 2013.

3.  We note the docketing entry from the Warren County Court case indicates the lawsuit against Klan was actually filed on May 2, 2012 and subsequently dismissed on November 5, 2012.

said defendant Knostman constitutes the tort of abuse of process for which said defendant is liable to plaintiff.

{¶ 4} Although not alleged in Klan's complaint, it is undisputed that Knostman was an attorney representing Medical Radiologists in the prior suit filed against Klan in the Warren County Court. The complaint requests compensatory damages over $25,000 and punitive damages over $250,000 from appellees, both jointly and severally.

{¶ 5} On September 9, 2013, Knostman filed a motion to dismiss Klan's complaint against him pursuant to Civ.R. 12(B)(6). In support of this motion, Knostman argued Klan's complaint fell well-below the minimal pleading standards outlined in Civ.R. 8(A). Medical Radiologists then filed a similar motion to dismiss regarding Klan's complaint against it on October 7, 2013. In separate filings, the trial court granted appellees' motions to dismiss on December 10, 2013 and December 23, 2013, respectively. In so holding, the trial court dismissed Klan's complaint with prejudice pursuant to Civ.R. 12(B)(6), as a result of his failure to comply with Civ.R. 8(A).

{¶ 6} Klan now appeals from the trial court's decision granting appellees' motions to dismiss his complaint with prejudice, raising three assignments of error for review. For ease of discussion, Klan's first and second assignments of error will be addressed together.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE COURT ERRED IN ITS INTERPRETATION OF OHIO CIVIL RULE 12(B)(6).

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE COURT ERRED IN ITS INTERPRETATION OF CIVIL RULE 8(A).

{¶ 11} In his first and second assignments of error, Klan argues the trial court erred by granting appellees' motions to dismiss pursuant to Civ.R. 12(B)(6) for his failure to comply with Civ.R. 8(A). We disagree.

{¶ 12} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *Buckner v. Bank of New York*, 12th Dist. Clermont No. CA2013-07-053, 2014-Ohio-568, ¶ 13, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). "[W]hen a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber*, 57 Ohio St.3d 56, 60 (1991). In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond a reasonable doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14. The court may look only to the complaint to determine whether the allegations are legally sufficient to state a claim. *Ward v. Graue*, 12th Dist. Clermont No. CA2011-04-032, 2012-Ohio-760, ¶ 10. A reviewing court conducts a de novo review of a trial court's decision on a motion to dismiss. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.

{¶ 13} Because Ohio is a notice-pleading state, a plaintiff is not required to plead operative facts with particularity. *Golden v. Milford Exempted Village School Bd. of Edn.*, 12th Dist. Clermont No. CA2008-10-097, 2009-Ohio-3418, ¶ 23, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 29. However, under Civ.R. 8(A), a complaint must nevertheless "contain a short and plain statement of the circumstances entitling the party to relief." *E.I. du Pont de Nemours & Co. v. Cincinnati Printers Co., Inc.*, 12th Dist. Butler No. CA2008-12-307, 2010-Ohio-1631, ¶ 8, quoting *Illinois Controls, Inc. v. Langham*, 70 Ohio St.3d 512, 526 (1994). In order to meet this standard, the complaint must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, "or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Sexton v. Mason*, 12th Dist.

Warren No. CA2006-02-026, 2007-Ohio-38, ¶ 25, quoting *Fancher v. Fancher*, 8 Ohio App.3d 79, 83 (1st Dist.1982). This is because the "purpose of Civ.R. 8(A) is to give the defendant fair notice of the claim and an opportunity to respond." *Internatl. Brotherhood of Electrical Workers, Loc. Union No. 575 v. Settle-Muter Elec., L.T.D.*, 12th Dist. Fayette No. CA2012-02-003, 2012-Ohio-4524, ¶ 29, quoting *Leichliter v. Natl. City Bank of Columbus*, 134 Ohio App.3d 26, 31 (10th Dist.1999). Yet, even then, "to constitute fair notice, the complaint must still allege sufficient underlying facts that relate to and support the alleged claim, and may not simply state legal conclusions." *Tuleta v. Med. Mut. of Ohio*, 8th Dist. Cuyahoga No. 100050, 2014-Ohio-396, ¶ 12, quoting *Grossniklaus v. Waltman*, 5th Dist. Holmes No. 09CA15, 2010-Ohio-2937, ¶ 26; *McWreath v. Cortland Bank*, 11th Dist. Trumbull No. 2010-T-0023, 2012-Ohio-3013, ¶ 40.

{¶ 14} In this case, Klan's complaint purports to allege an abuse of process claim against appellees. "Abuse-of-process claims are claims that allege that a 'legal procedure has been set in motion in proper form, with probable cause, and even with ultimate success, but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed.'" *Mansour v. Croushore*, 194 Ohio App.3d 819, 2011-Ohio-3342, ¶ 11 (12th Dist.), citing *Yaklevich v. Kemp, Schaeffer & Rowe Co.*, 68 Ohio St.3d 294, 297 (1994). In other words, "abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order." *Wolfe v. Little*, 2d Dist. Montgomery No. 18718, 2001 WL 427408, *2 (Apr. 27, 2001), quoting *Robb v. Chagrin Lagoons Yacht Club, Inc.*, 75 Ohio St.3d 264, 271 (1996). In turn, the three elements of the tort of abuse of process are "(1) that a legal proceeding has been set in motion in proper form and with probable cause, (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed, and (3) that direct damage has resulted from the wrongful use of process." *Id.* at ¶ 10. There is no liability for abuse of process, however,

where the defendant has done nothing more than carry out a process to its authorized conclusions. *Tilberry v. McIntyre*, 135 Ohio App.3d 229, 241 (8th Dist.1999), citing *Yaklevich* at 298, fn. 2.

{¶ 15} As part of his complaint, Klan alleged Medial Radiologists "caused to be filed" a lawsuit naming him as defendant that was "orchestrated" by Knostman. Klan also alleged that Medial Radiologists "knew or should have known that plaintiff was not liable in the relevant premises or was negligent or reckless in that regard," and that Knostman "knew or should have known" the circumstances leading to the lawsuit being filed were "without basis in law or fact or was negligent or reckless in that regard." However, even when taking Klan's allegations are true, we find Klan did not allege within his complaint that the filing of the lawsuit against him was initiated in proper form and with probable cause. While the standard necessary to satisfy the requirements of Civ.R. 8(A) is low, *see Ogle v. Ohio Power Co.*, 180 Ohio App.3d 44, 2008-Ohio-7042, ¶ 5 (4th Dist.), the "'[s]implified pleading under Rule 8 does not mean that the pleader may ignore the operative grounds underlying a claim for relief.'" *Tuleta*, 2014-Ohio-396 at ¶ 38, quoting *Hodge v. Cleveland*, 8th Dist. Cuyahoga No. 72283, 1998 WL 742171, *7 (Oct. 22, 1998).

{¶ 16} In addition, we also find Klan failed to allege within his complaint that the filing of the lawsuit against him was a perverted attempt to accomplish an ulterior purpose for which it was not designed. Nor can such an allegation be inferred based on Klan's bare and conclusory averments within his complaint. Instead, Klan's complaint merely contains unsupported legal conclusions. Again, "to constitute fair notice, the complaint must still allege sufficient underlying facts that relate to and support the alleged claim, and may not simply state legal conclusions." *Tuleta* at ¶ 12, quoting *Grossniklaus*, 2010-Ohio-2937 at ¶ 26; *McWreath*, 2012-Ohio-3013 at ¶ 40. Therefore, as Klan failed to even allege these basic requirements of an abuse of process claim, we find no error in the trial court's decision

granting both appellees' respective motions to dismiss.[4] *Compare Clermont Environmental Reclamation Co. v. Hancock*, 16 Ohio App.3d 9, 12-13 (12th Dist.1984) (finding trial court erred by granting motion to dismiss where plaintiff properly alleged abuse of process claim); *Fallang v. Hickey*, 12th Dist. Butler No. CA86-11-163, 1987 WL 16298, *4-*5 (Aug. 31, 1987) (same); *Ryb v. Contemporary Office Products, Inc.*, 8th Dist. Cuyahoga No. 69162, 1995 WL 693164, *4 (Nov. 22, 1995) (same). Accordingly, Klan's first and second assignments of error are overruled.

{¶ 17} Assignment of Error No. 3:

{¶ 18} THE COURT ERRED IN DISMISSING THE CASE WITH PREJUDICE WHILE AT THE SAME TIME HOLDING THAT THE COMPLAINT DID NOT STATE A CLAIM FOR WHICH RELIEF COULD BE GRANTED.

{¶ 19} In his third assignment of error, Klan argues the trial court erred by dismissing his complaint with prejudice, as opposed to merely dismissing his complaint without prejudice. We agree.

{¶ 20} The determination as to whether a dismissal is with or without prejudice rests within the discretion of the court. *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47 (1997). Case law seems to be divided as to whether a dismissal under Civ.R. 12(B)(6) is with prejudice as an adjudication on the merits. However, as noted by the Ohio Supreme Court, "a dismissal for failure to state a claim is without prejudice except in those cases where the claim cannot be pleaded in any other way." *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, ¶ 17. Thus, "when a trial court enters an order of dismissal for

---

4. Klan has cited to the Ohio Supreme Court's decision in *Disciplinary Counsel v. Lehmkuhl*, 137 Ohio St.3d 71, 2013-Ohio-4539, for the proposition that "the Supreme Court dimly views lawyers (as here) suing persons who have no connection to a case," a case which the trial court failed to address when issuing its decision. However, as appellees aptly point out, the Ohio Supreme Court's decision in *Lehmkuhl* did not discuss the pleadings requirements under Civ.R. 8(A), did not discuss the elements of an abuse of process claim, nor did it discuss when the dismissal of a complaint is appropriate. Therefore, we find the trial court was justified in not addressing *Lehmkuhl* when issuing its decision as that case provides absolutely no guidance to the issues at hand.

failure to state a claim and the deficiency at issue can be cured by pleading in another way, the dismissal should be without prejudice."[5] *Ballreich Bros., Inc. v. Criblez*, 3d Dist. Hancock No. 05-09-36, 2010-Ohio-3263, ¶ 10; *Hutcheson v. Ohio Auto. Dealers Assn.*, 8th Dist. Cuyahoga No. 97394, 2012-Ohio-3685, ¶ 19 (stating "[i]f the complaint can be pleaded in another way, then the trial court should issue the dismissal without prejudice").

{¶ 21} As noted above, Klan's complaint was properly dismissed pursuant to Civ.R. 12(B)(6) as his allegations fell well-below the minimal pleading requirements contained in Civ.R. 8(A). Yet, that is not to say Klan's claim could not be properly pled in another way, wherein he could set forth sufficient underlying facts that relate to and support an alleged abuse of process claim. *See Latimore v. Hardford Life & Acc. Ins. Co.*, 5th Dist. Stark No. 2011CA00227, 2012-Ohio-447, ¶ 23; *see, e.g., Morris v. Morris*, 189 Ohio App.3d 608, 2010-Ohio-4750, ¶ 28 (10th Dist.) ("Barry's motion to dismiss was based on alleged pleading deficiencies, and there has been no suggestion that appellees could not correct those perceived deficiencies to state a claim"). Again, a dismissal pursuant to Civ.R. 12(B)(6) "does not adjudicate the merits of the claim itself, unless it can be pleaded in no other way." *Collins v. National City Bank*, 2d Dist. Montgomery No. 19884, 2003-Ohio-6893, ¶ 51. In so holding, we note the long-standing general principle that "cases should be decided on their merits whenever possible and not upon pleading deficiencies." *Williams v. Conn*, 4th Dist. Scioto No. 97CA2478, 1998 WL 54587, *2 (Jan. 12, 1998); *Hershhorn v. Viereck*, 10th Dist. Franklin No. 86 AP-545, 1986 WL 15164, *4 (Dec. 31, 1986).

{¶ 22} That said, even though Klan's abuse of process claim could be properly pled in

---

5. Appellees cite to a number of cases to support their claim that every Civ.R. 12(B)(6) dismissal operates as an adjudication on the merits resulting in a dismissal with prejudice. However, all of the cases cited by appellees were decided before the Ohio Supreme Court's decision in *Fletcher* and do not specifically address the consequences of a Civ.R. 12(B)(6) dismissal resulting from a failure to comply with Civ.R. 8(A), such as the case here. Therefore, although informative, we find it necessary to adhere to the Ohio Supreme Court's decision in *Fletcher* in ruling on the matters at hand.

another way, we believe the Ohio Supreme Court's decision in *Fletcher* should not be construed so as to allow a plaintiff unlimited attempts at refiling to satisfy the minimal pleading requirements of Civ.R. 8(A). Rather, the repeated and continued failure to cure pleading deficiencies can certainly justify a dismissal with prejudice. To hold otherwise would unduly prejudice a defendant by requiring him to continually defend against such claims despite the plaintiff's failure to comply with the Civil Rules. Therefore, without providing any opinion as to the likelihood of success of Klan's claims, Klan's second assignment of error is sustained and the trial court's decision is reversed so as to constitute a dismissal without prejudice. If such deficiencies are not cured, however, a dismissal with prejudice of any re-filed complaint may then be in order. The trial court's decision in all other respects is affirmed.

{¶ 23} Judgment affirmed in part and reversed in part.

RINGLAND, P.J., and M. POWELL, J., concur.