[Cite as *Ebbing v. Stewart*, 2016-Ohio-7645.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| ERIN M. EBBING, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2016-05-085 |
| | : | O P I N I O N |
| - vs - | | 11/7/2016 |
| | : | |
| TRACY STEWART, et al., | : | |
| Defendants-Appellees. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2016-02-0327


Erin M. Ebbing, 3800 Princeton Road, Hamilton, Ohio 45011, plaintiff-appellant, pro se

Tracy Stewart, 2524 Grand Blvd., Hamilton, Ohio 45011, defendant-appellee, pro se

Graydon Head & Ritchey LLP, John C. Greiner, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, Ohio 45202, for defendants-appellees, Ohio/Oklahoma Hearst Television, Inc. d.b.a. WLWT News 5 and Karin Johnson

Lawrence E. Barbiere, 5300 Socialville Foster Road, Suite 200, Mason, Ohio 45040, for defendants-appellees, Fairfield Township, John Vanderyt, Brian Schulten, Corey Stebbins and Matthew Fruchey


**HENDRICKSON, J.**

{¶ 1} Plaintiff-appellant, Erin M. Ebbing, appeals the decision of the Butler County

Court of Common Pleas denying her motion to join her husband, Joseph P. Ebbing, as a

plaintiff, and dismissing her complaint. For the reasons set forth below, judgment is affirmed in part, reversed in part, and the matter remanded for further proceedings.[1]

{¶ 2} Erin's complaint seeks declaratory judgment and injunctive relief, in addition to monetary damages for landlord-tenant, defamation, "criminal acts," and constitutional claims. The complaint named multiple defendants for the various counts, which all stem from a landlord-tenant dispute.

{¶ 3} Erin is the owner and landlord of a rental home that is managed by Joseph and located on Princeton Road in Fairfield Township. Tracy Stewart rented this residence from Erin for most of 2014 through January 31, 2015. In the final month of this rental period, a dispute began between Stewart and Joseph regarding the notice required to schedule showings for possible future tenants and the date which Stewart would be fully moved out the residence. On several occasions, Joseph informed Stewart of his expectation that she completely vacate the residence by midnight on January 31, 2015. In response, Stewart communicated to Joseph that she might need a short period beyond that date to complete her move. From this disagreement, an ongoing dispute developed, which led Stewart to place several emergency phone calls to police to complain about Joseph's conduct.

{¶ 4} On February 1, 2015, the dispute continued when Joseph entered the residence in the middle of the night before Stewart had completely vacated. Again, Stewart placed an emergency phone call to police to complain of Joseph's recent actions. Fairfield Police responded to the complaint and advised Joseph of Ohio's eviction laws, directed him to refrain from entering the residence until Stewart had completely vacated, and warned him that he would be arrested if he did not leave the premises. Since Joseph refused to leave the premises, officers placed him under arrest and charged him with criminal trespassing.

---

1. Pursuant to Loc.R. 6(A), we hereby sua sponte remove this case from the accelerated calendar for purposes of issuing this opinion.

{¶ 5} Later that afternoon, Joseph returned to the residence and changed the locks. In so doing, he discovered Stewart's daughter alone inside the property and informed her she must leave the property and return her key. Joseph further informed her that she could wait for Stewart at his home next door. When Stewart discovered her daughter was waiting at the Ebbings' home, she placed another emergency phone call to police. Fairfield Township police responded and charged Joseph with burglary, abduction, and obstructing justice.

{¶ 6} On February 4, 2015, WLWT News 5 aired a news segment and posted a substantially similar online article describing the circumstances of the arrest and the charges against Joseph. The focus of the report was the dispute between Joseph and Stewart. The report did not mention Erin by name, but rather, briefly identified her in passing as the owner and landlord of the property.

{¶ 7} Based on the foregoing, Erin filed a complaint in the Butler County Court of Common Pleas alleging claims against the following the defendants: Fairfield Township, Fairfield Township Officers John Vanderyt, Brian Schulten, Corey Stebbins, and Matthew Fruchey (referred to collectively as "township appellees"); Ohio/Oklahoma Hearst Television Inc. d.b.a. WLWT and reporter Karin Johnson (referred to collectively as "WLWT"); and Stewart. Township appellees answered denying all claims and raised several defenses including failure to state a claim upon which relief can be granted. WLWT filed a motion to dismiss Erin's claims pursuant Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. Before the trial court ruled on WLWT's motion, Erin filed a motion to join Joseph as a plaintiff pursuant to Civ.R. 19 and Civ.R. 19.1. Shortly thereafter, the trial court issued an entry and order granting WLWT's motion to dismiss, denying Erin's motion to join Joseph, and sua sponte dismissing the case in toto.

{¶ 8} It is from this decision that Erin now appeals.

{¶ 9} Assignment of Error No. 1:

{¶ 10} TRIAL COURT REVERSIBLY ERRED AND MALICIOUSLY DEPRIVED PLAINTIFF OF HER CONSTITUTIONAL RIGHTS BY UNLAWFULLY GRANTING WLWT['S] MOTION TO DISMISS BECAUSE AS A MATTER OF LAW PLAINTIFF'S CLAIMS ARE SUFFICIENT PURSUANT TO STATUTORY LAW.

{¶ 11} Civ.R. 12(B)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. *Marchetti v. Blankenburg*, 12th Dist. Butler No. CA2010-09-232, 2011-Ohio-2212, ¶ 9. "In order to prevail on a Civ.R. 12(B)(6) motion, 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling relief.'" *Id.*, quoting *DeMell v. The Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 88505, 2007-Ohio-2924, ¶ 7. In ruling on a complaint pursuant to Civ.R. 12(B)(6), a court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). "A trial court's order granting a motion to dismiss pursuant to Civ.R. 12(B)(6) is subject to de novo review on appeal." *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 35 (12th Dist.). An appellate court must independently conduct a review of the complaint to determine the appropriateness of the dismissal. *Id.* at ¶ 35.

{¶ 12} In this case, Erin seeks damages for a defamation claim against WLWT. Defamation is a false publication that injures a person's reputation. *Dale v. Ohio Civ. Serv. Emp. Assn.*, 57 Ohio St.3d 112, 117 (1991). "In order to be actionable, a plaintiff in a defamation action must show that the alleged defamatory statement was 'of and concerning' the plaintiff." *Whiteside v. United Paramount Network*, 12th Dist. Madison No. CA2003-02-008, 2004-Ohio-800, ¶ 15, quoting *New York Times Co. v. Sullivan*, 386 U.S. 254, 267 (1964).

{¶ 13} WLWT moved to dismiss Erin's defamation claim on the basis that the

complaint fails to allege how the purported defamatory statements were "of and concerning" Erin. The trial court agreed and found this argument demonstrated Erin was not a real party in interest. Therefore, the trial court dismissed the claim on the basis that Erin failed to establish standing.

{¶ 14} Civ.R. 17(A) states "[e]very action shall be prosecuted in the name of the real party in interest." A real party in interest is one who receives a direct benefit or injury based on the outcome of the case. *State ex rel. Botkins v. Laws*, 69 Ohio St.3d 383, 387 (1994). One who merely possesses an interest in the action itself is not a real party in interest. *Id.* Further, "[b]ecause a real party in interest is an individual who has suffered an injury in a matter, a party lacks standing if not a real party in interest." *Mousa v. Mt. Carmel Health Sys., Inc.*, 10th Dist. Franklin No. 12AP-737, 2013-Ohio-2661, ¶ 12. A party lacks standing to invoke the court's jurisdiction without some real interest in the subject matter of the action. *Deutsche Bank Natl. Trust Co. v. Sexton*, 12th Dist. Butler No. CA2009-11-288, 2010-Ohio-4802, ¶ 9.

{¶ 15} WLWT's argument in its motion to dismiss demonstrates both an attack on Erin's capacity to sue and an insufficiency in her claim for failing to allege facts to support the essential elements of a defamation claim. However, "[i]t is well established that before an Ohio court can consider the merits of a legal claim, the person seeking relief must establish standing to sue." *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 469 (1999).

{¶ 16} The bases for Erin's defamation claim arose from the WLWT News 5 television segment and its subsequent website article which reported the circumstances of Joseph's arrest and pending charges. Based on a thorough review of the record, without addressing the merits of the claim itself, it is clear that Erin is not a real party in interest to assert such a defamation claim. Neither the television news broadcast nor the online article mentions Erin

by name. Rather, the only times Erin is identified are in reference to Joseph or the property. Specifically, "[Joseph] said he asked the girl to leave his wife's rental property[,]" and the property "was owned by Joseph['s] * * * wife." Erin's interest in the action is limited to the news reports discussion of her husband; thus, her complaint fails to sufficiently demonstrate how *she* has suffered a direct injury to meet the requirements of Civ.R. 17(A). Accordingly, we find that Erin does not have standing to bring this action.

{¶ 17} Nonetheless, even if Erin had sufficiently alleged facts to demonstrate standing, her defamation claim must fail pursuant to Civ.R. 12(B)(6) because she concedes in her complaint that the above-mentioned statements referring to her as the landlord and owner of the property are true statements.

{¶ 18} In addition to the defamation claim, Erin also alleges a laundry list of criminal acts committed by WLWT and township appellees as well as various violations of the Ohio and United States Constitutions. However, because the only factual allegations in the complaint pertaining to WLWT are in reference to the defamation claim, all other claims against WLWT must be dismissed pursuant to Civ.R. 12(B)(6). Moreover, construing the complaint in a light most favorable to Erin, it is still devoid of any relevant facts or pertinent legal authority to support her countless allegations of "criminal acts" and constitutional violations by township appellees. In paragraph four of Erin's complaint, she alleges 24 criminal acts from which she seeks relief, and then, provides no factual support beyond mere citations to the Revised Code. These bare legal assertions are insufficient to constitute fair notice and an opportunity to respond, as required under Ohio's notice-pleading standard. *See Klan v. Med. Radiologists, Inc.*, 12th Dist. Warren No. CA2014-01-007, 2014-Ohio-2344, ¶ 13 ("to constitute fair notice, the complaint must still allege sufficient underlying facts that relate to and support the alleged claim, and may not simply state legal conclusions"), quoting *Tuleta v. Med. Mut. of Ohio*, 8th Dist. Cuyahoga No. 100050, 2014-Ohio-396, ¶ 12.

{¶ 19} Furthermore, the complaint is scant of references to any alleged injuries suffered by Erin. Rather, it thoroughly discusses the dispute detailed above between Joseph, Stewart, and township appellees. Thus, under the same rationale as the defamation claim, Erin lacks standing to assert the remaining claims against township appellees.

{¶ 20} Therefore, Erin's first assignment of error is hereby overruled.

{¶ 21} Assignment of Error No. 2:

{¶ 22} TRIAL COURT REVERSIBLY ERRED AND MALICIOUSLY DEPRIVED PLAINTIFF OF HER CONSTITUTIONAL RIGHTS BY UNLAWFULLY GRANTING SUA SPONTE MOTIONS TO DISMISS ALL OTHER DEFENDANTS.

{¶ 23} In support of Erin's second assignment of error, she argues the trial judge unlawfully practiced law in his court by sua sponte dismissing all remaining claims against all other parties in its entry and order granting WLWT's motion to dismiss. In dismissing the remaining claims, the trial court found that the alleged landlord-tenant dispute between Erin and Stewart did not meet the minimum monetary amount needed for the court to exercise its jurisdiction over the claim. The trial court further found the remainder of the complaint warranted dismissal pursuant to Civ.R. 12(B)(6) for all remaining parties.

{¶ 24} Our analysis of Erin's second assignment of error begins with the claims brought against Stewart. After a thorough review of the record, it is clear that service of process has not been effectuated for Stewart, which is also reflected in the trial court's entry and order dismissing Erin's complaint. Pursuant to Civ.R. 3(A), "[a] civil action is commenced by filing a complaint with the court, *if service is obtained* within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected * * *, or upon a defendant identified by a fictitious name whose name is later corrected * * *." (Emphasis added.) The Ohio Supreme Court has previously ruled that a judgment rendered against a party before meeting the requirements of Civ.R. 3(A) is void. *See Patterson v. V &*

*M Auto Body*, 63 Ohio St.3d 573, 577 (1992).

{¶ 25} In *Patterson*, the Ohio Supreme Court analyzed whether a plaintiff may maintain a lawsuit against a defendant solely under the fictitious name in which the defendant does business. *Id.* at 575-77. Specifically, the named defendant was a sole proprietorship, which does not have a separate legal identity. *Id.* at 576. The court began its analysis by citing a previous decision that found if a defendant in a lawsuit is not an actual or legal entity, then any judgment rendered against that entity is void. *Id.*, citing *Cobble v. Farmer's Bank*, 63 Ohio St. 528, 536 (1900). Next, the court looked to Civ.R. 3(A) to hold that a lawsuit where an incorrectly named party is not later corrected has yet to commence. *Patterson* at 576. As such, the court held that a judgment rendered against a nonexistent, nonlegal entity, in a case that has not commenced is void. *Id.* at 577. This holding is consistent with another decision of the Ohio Supreme Court, which found that a case that has yet to commence due to lack of service of process cannot be dismissed. *Kossuth v. Bear*, 161 Ohio St. 378, 384-85 (1954). Therefore, the trial court's sua sponte dismissal of all claims against Stewart is void because Stewart has not been properly served process.

{¶ 26} In so holding, we note that Erin's complaint names "WLWT News 5," which is not a legal entity, but rather an operating division of the proper party, Ohio/Oklahoma Hearst Television Inc. d.b.a. WLWT. Despite the analysis conducted above with respect to Stewart, the clerical error in the caption of Erin's complaint did not deprive the trial court of jurisdiction with respect to WLWT. *See Engelhart v. Bluett*, 1st Dist. Hamilton No. C-160189, 2016-Ohio-7237, ¶ 11-12 (holding plaintiff may sue defendant under its trade name based on the substance of the pleadings despite improper party named in case caption). In *Engelhart*, the caption of the plaintiff's complaint named GMCC by its trade name, Grange Insurance. Despite this clerical error, the First District looked to the substance of the pleadings as a whole to determine if Engelhart named the proper party. In the case before us, the

substance of the pleadings demonstrate Erin named the proper party, as WLWT was apprised of the pendency of Erin's claims, informed the trial court of the clerical error, and proceeded to file its motion to dismiss on other grounds. Furthermore, Erin attempted to correct the clerical error by moving the trial court to join WLWT under the proper party name, which the trial court did not expressly deny. Rather, the trial court expressly denied Erin's motion to join Joseph and proceeded to refer to WLWT under the proper party name in its order dismissing the case.

{¶ 27} Next, we address the trial court's sua sponte dismissal of all claims against township appellees. "In general, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond." *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 161 (1995), citing *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 74 Ohio St.3d 106, 108 (1995). However, a court may sua sponte dismiss a complaint without such notice where the complaint is frivolous or where it is obvious the claimant cannot prevail on the facts alleged in the complaint. *Edwards* at 108, citing *English v. Cowell*, 10 F.3d 434, 437 (7th Cir.1993); and *Baker v. Dir., U.S. Parole Comm.*, 916 F.2d 725, 726 (D.C.Cir.1990).

{¶ 28} For the same reasons outlined in Erin's first assignment of error, the claims against township appellees are frivolous and it is obvious Erin cannot prevail on the facts alleged therein. Moreover, Erin has failed to demonstrate standing to assert such claims. Thus, the trial court did not err in sua sponte dismissing all claims against township appellees.

{¶ 29} Therefore, Erin's second assignment of error is hereby sustained in part and overruled in part.

{¶ 30} Assignment of Error No. 3:

{¶ 31} TRIAL COURT REVERSIBLY ERRED BY DENYING PLAINTIFF'S MOTION AND NOT JOINING JOSEPH P. EBBING TO BE MADE A PARTY PLAINTIFF, AND OHIO/OKLAHOMA HEARST TELEVISION TO BE MADE A PARTY DEFENDANT IN VIOLATION OF CIV.R. 19(A) "JOINDER OF PERSONS NEEDED FOR JUST ADJUDICATION[.]"

{¶ 32} The trial court denied Erin's motion to join Joseph as a plaintiff based on a previous determination that Joseph is a vexatious litigator. *See In re Joseph P. Ebbing*, Butler No. IR12-03-0202 (Mar. 2, 2015). Pursuant to R.C. 2323.52(A)(3), a vexatious litigator is "any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions * * *." Once a court declares one a vexatious litigator, that person cannot institute legal proceedings without first filing a motion for leave to proceed with the court that entered the order. R.C. 2323.52(F)(1). Leave shall not be granted, "unless the court of common pleas that entered that order is satisfied that the proceedings or application are not an abuse of process of the court in question and that there are reasonable grounds for the proceedings or application." *Id.* If the court of common pleas denies the vexatious litigator's motion for leave, then no appeal shall follow. R.C. 2323.52(G).

{¶ 33} It is clear from the trial court's entry and order that it found Erin's motion to join Joseph an abuse of process and that there were no reasonable grounds for the application. In making this finding, the trial court stated the complaint and subsequent motion for joinder were made "in an effort to ignore [Joseph's] status as a vexatious litigator and launch another barrage of bombastic belligerence." Pursuant to R.C. 2323.52(G), the trial court's decision is not subject to appeal. Therefore, Erin's third assignment of error is overruled.

{¶ 34} In conclusion, we find the trial court erred in dismissing the claims against Stewart because service had not yet been perfected at the time of the dismissal. In all other

respects, the decision of the trial court is affirmed.

**{¶ 35}** Judgment affirmed in part, reversed in part, and remanded.

M. POWELL, P.J., and RINGLAND, J., concur.