CUYAHOGA COUNTY BAR ASSOCIATION *v.* LENEGHAN.

[Cite as *Cuyahoga Cty. Bar Assn. v. Leneghan,*
117 Ohio St.3d 103, 2008-Ohio-506.]

(No. 2007–1569—Submitted November 28, 2007—Decided February 14, 2008.)

---

**Per Curiam.**

{¶ 1} Respondent, Patrick P. Leneghan Jr. of Cleveland, Ohio, Attorney Registration No. 0041931, was admitted to the practice of law in Ohio in 1989. The Board of Commissioners on Grievances and Discipline recommends that we publicly reprimand respondent based on findings that he failed either to pursue a client's criminal appeal or to properly withdraw from the case. On review, we

agree that respondent committed this professional misconduct and that a public reprimand is appropriate.

{¶ 2} Relator, Cuyahoga County Bar Association, charged respondent with violations of the Code of Professional Responsibility, including DR 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter). Respondent answered the complaint late, claiming that he had not received timely notice of it. A panel of the board heard the case, making findings of fact and conclusions of law and recommending the public reprimand. The board adopted the panel's finding of misconduct and its recommendation.

{¶ 3} Relator objects to the board's recommendation, arguing that aggravating factors justify an actual suspension of respondent's license to practice. Relator insists that respondent made false statements during the disciplinary proceedings and that these, in addition to his neglect, warrant an enhanced sanction. Respondent has not opposed the objections.

## Misconduct

{¶ 4} Tricia J. Hanna hired respondent in March 2004 to defend her against three charges in the Avon Lake Municipal Court. She testified that she had paid respondent $500 in attorney fees and had contributed $50 to his campaign fund. Respondent did not put their fee agreement in writing.

{¶ 5} Respondent represented Hanna during her June 23, 2004 jury trial. The next day, the jury returned a guilty verdict. The municipal court immediately ordered a $500 fine and sentenced Hanna to 180 days in jail, suspending both the fine and jail sentence pending appeal.

{¶ 6} Respondent, Hanna, and her husband discussed the possibility of appealing the conviction, and according to Hanna, the couple authorized respondent to file the appeal. Respondent did not specify the amount of his fee for the appeal or ask Hanna to pay him at that time. Hanna remembered that he estimated a cost of $1,000 to $1,500, depending on charges for the trial transcript, and that he promised to get back to her with an exact figure.

{¶ 7} Respondent timely appealed Hanna's conviction in July 2004, filing a notice of appeal, docketing statement, and praecipe. But after filing the appeal, respondent did nothing more in the case, even after the court of appeals ordered appellant to verify when the trial court had journalized the entry of conviction. The court of appeals later dismissed the appeal in September 2004, citing appellant's failure to file a copy of a journalized sentencing order.

{¶ 8} Following the dismissal of her appeal, the municipal court summoned Hanna to appear on January 11, 2005. Hanna testified that she called respondent the day before her court date and learned for the first time that her appeal had been dismissed. After this conversation with Hanna, respondent advised the

court that he could not appear with Hanna due to a conflict in his schedule. When respondent failed to appear the next day, Hanna decided to find another attorney, and the court continued the case, ultimately ordering her to serve 60 days in jail. She paid nearly $1,000 in fines and court costs.

{¶ 9} Clear and convincing evidence shows that respondent did not advise Hanna or the court of appeals that he was withdrawing as her attorney. Respondent also did not timely notify Hanna when the court of appeals dismissed the case. We therefore adopt the board's finding that he violated DR 6–101(A)(3).

## Sanction

{¶ 10} In determining the appropriate sanction to impose for attorney misconduct, "we consider the duties violated, the actual or potential injury caused, the attorney's mental state, the existence of aggravating or mitigating circumstances, and sanctions imposed in similar cases." *Stark Cty. Bar Assn. v. Ake*, 111 Ohio St.3d 266, 2006-Ohio-5704, 855 N.E.2d 1206, ¶ 44. We weigh the aggravating and mitigating factors to determine whether circumstances warrant a harsher or more lenient disposition. See Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). We are not limited to the factors specified in the rule but may take into account "all relevant factors" in determining what sanction to impose. BCGD Proc.Reg. 10(B).

{¶ 11} Respondent violated his duty to conscientiously protect his client's interests. He claimed to have sent Hanna a letter after filing her appeal that quoted a $1,500 fee and advised that he needed payment before he would proceed. The record contains a copy of such a letter, but the letter is addressed incorrectly, and Hanna testified that she did not receive it. Regardless, respondent should have provided notice of his withdrawal in writing to the appellate court and sent that notice to his client. The board chastised respondent's inattention to the appeal, observing:

{¶ 12} "When the Respondent took on the further representation of his client by filing a notice of appeal to the Court of Appeals, it was the Respondent's obligation to continue to represent the client to the fullest of his abilities. His failure to meet procedural deadlines by the Court of Appeals causing the appeal to be dismissed amounts to the failure of the attorney to protect his client's interest."

{¶ 13} Respondent's neglect cost his client the opportunity to challenge her conviction. Respondent admitted that he did not withdraw as counsel, acknowledging in retrospect that he should have. When the lawyer in *Cuyahoga Cty. Bar Assn. v. Ballou*, 109 Ohio St.3d 152, 2006-Ohio-2037, 846 N.E.2d 519, failed to

appear at a client's eviction proceeding without having provided prior written confirmation of his decision to withdraw because the client had failed to pay his fee, we issued a public reprimand.

{¶ 14} Respondent has no prior disciplinary record, a mitigating factor under BCGD Proc.Reg. 10(B)(2)(a). He also did not act from a selfish or dishonest motive. BCGD Proc.Reg. 10(B)(2)(b). In the end, however, respondent failed to acknowledge his wrongdoing, and this lack of insight weighs against the mitigating factors. See BCGD Proc.Reg. 10(B)(1)(g).

{¶ 15} Arguing for an actual suspension, relator asserts that respondent lied about whether he received timely notice of relator's complaint and whether he agreed to represent Hanna after her conviction. If either is true, an actual suspension is required because respondent violated his oath and provided false testimony during a disciplinary proceeding. See, e.g., *Cuyahoga Cty. Bar Assn. v. Wise*, 108 Ohio St.3d 164, 2006-Ohio-550, 842 N.E.2d 35 (lawyer suspended from practice for one year, with six months stayed, in part because of untruthful explanations for his misconduct).

{¶ 16} The board, however, relied on the hearing panel's assessment of respondent's credibility and did not find that he failed to cooperate in the disciplinary proceedings or that he submitted "false evidence [or] false statements," or engaged in "other deceptive practices during the disciplinary process." See BCGD Proc.Reg. 10(B)(1)(e) and (f). As to service of the complaint, respondent testified that he did not receive actual notice of the complaint in time to answer within rule, and evidence shows that upon learning of the complaint indirectly, he wrote to the board twice to obtain a copy. Thus, although relator sent respondent four copies of the complaint by certified mail (all remained unclaimed) and one copy by a process server, the panel and board did not find that respondent had attempted to evade service. Respondent also testified that Hanna did not immediately authorize him to file her appeal, because of financial concerns, and the letter to Hanna outlining his fee lends some support to his recollection.

{¶ 17} We also defer to the panel's assessment of credibility. Because panel members see and hear witnesses firsthand, we generally accept the panel's view of a witness's credibility, unless other evidence weighs heavily against it. *Wise*, 108 Ohio St.3d 164, 2006-Ohio-550, 842 N.E.2d 35, ¶ 24, citing *Cincinnati Bar Assn. v. Statzer*, 101 Ohio St.3d 14, 2003-Ohio-6649, 800 N.E.2d 1117, ¶ 8. Given respondent's attempts to obtain a copy of relator's complaint and his misdirected letter to Hanna, we do not attribute the differences between his testimony and that of other witnesses to any deceitful intent. The objections are therefore overruled.

{¶ 18} Having found respondent in violation of DR 6–101(A)(3) and after weighing the other relevant factors, we accept the board's recommendation. Our decision today constitutes a public reprimand for respondent's violation of DR 6–101(A)(3). Costs are taxed to respondent.

Judgment accordingly.

PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

MOYER, C.J., and O'CONNOR, JJ., dissent.

---

**MOYER, C.J., dissenting.**

{¶ 19} I respectfully dissent from the majority decision in regard to the sanction imposed on respondent. It is apparent that respondent did not fully cooperate with the disciplinary process as required by Gov.Bar R. V(4)(G). The hearing panel found that respondent was properly served with the disciplinary complaint in this matter, yet he failed to file a timely answer. In fact, respondent did not respond until default judgment proceedings were instituted against him, at which point he claimed that service had not been completed. Additionally, he has shown no remorse for his neglect of the legal matters at the heart of this case.

{¶ 20} Respondent's failure to cooperate and his lack of contrition, coupled with the DR 6–101(A)(3) violation that the majority recognized, warrant a stricter sanction than a public reprimand. See, e.g., *Cleveland Bar Assn. v. Norton*, 116 Ohio St.3d 226, 2007-Ohio-6038, 877 N.E.2d 964; *Cincinnati Bar Assn. v. Wilson* (2000), 89 Ohio St.3d 243, 730 N.E.2d 957. I would therefore impose a stayed six-month suspension from the practice of law.

O'CONNOR, J., concurs in the foregoing opinion.

---

Ellen S. Mandell, Bar Counsel, Laurence A. Turbow, and Brian P. Riley, for relator.

Patrick Leneghan Jr., pro se.