**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Smith,* **Slip Opinion No. 2016-Ohio-1584.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1584

DISCIPLINARY COUNSEL *v.* SMITH.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Smith,* Slip Opinion No. 2016-Ohio-1584.]**

*Attorney misconduct, including withdrawing from representation without taking reasonably practicable steps to protect the client's interest and failing to cooperate in disciplinary investigation—Public reprimand.*

(No. 2015-1639—Submitted October 28, 2015—Decided April 20, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-023.

_____

**Per Curiam.**

{¶ 1} Respondent, Kierra Loree Smith of London, Ohio, Attorney Registration No. 0083862, was admitted to the practice of law in Ohio in 2008. On April 28, 2015, relator, disciplinary counsel, charged Smith with multiple violations of the Rules of Professional Conduct arising from her failure to attend a scheduled

custody hearing on behalf of her client, her failure to properly withdraw from the representation, and her initial failure to cooperate in the ensuing disciplinary investigation.

{¶ 2} A panel of the Board of Professional Conduct considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16). In that agreement, Smith stipulates that although she received two notices regarding a hearing scheduled for April 1, 2014, in a client's custody matter, she did not appear at the hearing or contact the court in advance of that hearing regarding her inability to appear.

{¶ 3} The court issued an order for Smith to show cause why she should not be held in contempt for her failure to appear at the custody hearing. After a hearing on the matter, the court issued an entry ordering Smith to move for leave to withdraw as counsel, provide her client with a full accounting for all fees and expenses incurred in her representation, refund any unearned portion of the client's fee within 14 days, and provide the client with a complete copy of her file within 14 days. The court further ordered Smith to file a notice of her compliance with these requirements within 30 days.

{¶ 4} More than 30 days later, Smith moved to withdraw as counsel for the client. In that motion, she stated that she had complied with the terms of the court's order. Although her motion stated that a copy of her accounting and a certified receipt documenting her transmittal of the client's file were attached, those documents were not attached. The court magistrate left a telephone message for Smith at her place of employment asking her to submit the documents, but she did not respond. Notwithstanding Smith's failure to submit the documents, the court granted her motion to withdraw as counsel and dismissed the contempt action against her. Smith and relator submitted a supplemental agreement with stipulations and documents demonstrating that the work Smith performed on behalf of the client exhausted his retainer and that no restitution is warranted.

**{¶ 5}** Smith did not respond to relator's initial letter of inquiry, nor did she claim a second letter of inquiry that was sent to her by certified mail. Because Smith failed to respond, relator subpoenaed her for a deposition. When Smith received the subpoena, she sent an e-mail to relator, apologizing for her previous failures to respond, promising to cooperate with the investigation, and asking for the deposition to be canceled. Relator agreed to cancel the scheduled deposition.

**{¶ 6}** Smith eventually sent relator an e-mail purporting to respond to his inquiries, but it did not address most of the questions relator had posed, did not attach any of the documents that relator had requested, and was not timely submitted. Smith did not respond to relator's repeated requests for additional information, so relator again scheduled a deposition. Although she was personally served with a subpoena for the deposition two weeks before it was scheduled to take place, Smith did not appear at the scheduled deposition but instead e-mailed relator two hours before the deposition was to begin to say that she was unable to attend. Relator agreed to cancel the deposition based upon Smith's promise to cooperate with the investigation going forward.

**{¶ 7}** Although Smith's cooperation was not immediate, she eventually stipulated that there was probable cause for relator to file his complaint, answered the formal complaint, and admitted most of the allegations of fact.

**{¶ 8}** The parties now stipulate that Smith's actions in this matter violated Prof.Cond.R. 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.16(c) (prohibiting a lawyer from withdrawing from representation in a proceeding without leave of court if the rules of the tribunal so require), 1.16(d) (requiring a lawyer withdrawing from representation to take reasonably practicable steps to protect a client's interest), 3.4(c) (prohibiting a lawyer from knowingly disobeying an obligation under the rules of a tribunal), 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the

administration of justice), and 8.1(b) and former Gov.Bar R. V(4)(G)[1] (both requiring a lawyer to cooperate with a disciplinary investigation). The parties also agree that an additional alleged violation should be dismissed.

{¶ 9} As for aggravating factors, the parties stipulate that Smith committed multiple offenses in connection with her client's matter and that she failed to cooperate with relator's investigation. *See* Gov.Bar R. V(13)(B)(4) and (5). The parties stipulate that the applicable mitigating factors are the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, Smith's eventual full and free disclosure to the board, and evidence of her good character and reputation apart from the charged misconduct. *See* Gov.Bar R. V(13)(C)(1), (2), (4), and (5). Based upon Smith's stipulated misconduct, the significant mitigating circumstances, and Smith's voluntary abandonment of the practice of law and corresponding registration as an inactive member of the bar, the parties stipulate that a public reprimand is the appropriate sanction here.

{¶ 10} The panel and board found that the consent-to-discipline agreement conforms to Gov.Bar R. V(16) and recommend that we adopt the agreement in its entirety. We have publicly reprimanded attorneys who have engaged in similar misconduct. *See Cuyahoga Cty. Bar Assn. v. Leneghan*, 117 Ohio St.3d 103, 2008-Ohio-506, 881 N.E.2d 1241 (publicly reprimanding an attorney whose failure to advise his client and the court that he was withdrawing from the client's representation resulted in the dismissal of the client's criminal appeal); *Cuyahoga Cty. Bar Assn. v. Ballou*, 109 Ohio St.3d 152, 2006-Ohio-2037, 846 N.E.2d 519 (publicly reprimanding an attorney who failed to appear at a client's eviction proceeding without having provided prior written confirmation of his intent to withdraw as counsel because the client had failed to pay his fee).

---

[1] Effective January 1, 2015, the provisions previously set forth in Gov.Bar R. V(4)(G) are codified in Gov.Bar R. V(9)(G). 140 Ohio St.3d CXIX.

**{¶ 11}** We agree that Smith's conduct violated Prof.Cond.R. 1.4(a)(3), 1.16(c), 1.16(d), 3.4(c), 8.1(b), and 8.4(d) and former Gov.Bar R. V(4)(G), as stated in the parties' consent-to-discipline agreement, and that this conduct warrants a public reprimand. We therefore adopt the parties' consent-to-discipline agreement.

**{¶ 12}** Accordingly, Kierra Loree Smith is hereby publicly reprimanded. Costs are taxed to Smith.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, for relator.

Kierra Loree Smith, pro se.

_____