[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Dayton Bar Assn. v. Wilcoxson,* Slip Opinion No. 2018-Ohio-2699.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2699

DAYTON BAR ASSOCIATION *v.* WILCOXSON.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Dayton Bar Assn. v. Wilcoxson,* Slip Opinion No. 2018-Ohio-2699.]

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Conditionally stayed six-month suspension.*

(No. 2017-0663—Submitted January 24, 2018—Decided July 12, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2017-014.

_____

**Per Curiam.**

{¶ 1} Respondent, Clinton Ralph Wilcoxson II, of Vandalia, Ohio, Attorney Registration No. 0061974, was admitted to the practice of law in Ohio in 1993.

{¶ 2} In a formal complaint certified to the Board of Professional Conduct on March 2, 2017, relator, Dayton Bar Association, charged Wilcoxson with multiple ethical violations arising from his neglect of a single matter, failure to

reasonably communicate with the affected client, failure to deliver the client's file to successor counsel, and failure to cooperate in the ensuing disciplinary investigation. Based on Wilcoxson's failure to answer that complaint, we imposed an interim default suspension on June 12, 2017. *Dayton Bar Assn. v. Wilcoxson*, 150 Ohio St.3d 1274, 2017-Ohio-4206, 81 N.E.3d 1259. Three days later, Wilcoxson filed a motion for leave to answer and a motion to vacate the interim default suspension. We granted his motion for leave to answer and remanded the case to the board, and we also granted his motion to terminate the interim suspension contingent on Wilcoxson answering relator's complaint. 150 Ohio St.3d 1401, 2017-Ohio-5822, 78 N.E.3d 903. On August 10, 2017, we reinstated his license to practice law without terminating the pending disciplinary proceeding. 150 Ohio St.3d 1282, 2017-Ohio-7157, 81 N.E.3d 1265.

{¶ 3} On remand, a panel of the board considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

{¶ 4} The parties stipulated that in 2014, Wilcoxson entered into an attorney-client relationship and agreed to file a federal employment-discrimination lawsuit on his client's behalf. The client agreed to pay an initial retainer of $1,000 plus a $400 filing fee but failed to timely make that payment. Wilcoxson then agreed to begin work once the client paid half of the retainer and the full filing fee. But instead of making the agreed payment of $900, the client paid only $500, on November 28, 2014.

{¶ 5} Despite the client's failure to abide by the modified fee agreement, Wilcoxson filed suit on December 5, 2014—four days after the deadline for filing the suit. On January 13, 2015, the client's former employer moved to dismiss the complaint on the ground that it was untimely filed. Wilcoxson did not oppose the motion, and the court ruled that the client's federal claims were time-barred. Although Wilcoxson maintains that he had informed the client that he expected the

federal claims to be dismissed as untimely, he did not inform the client regarding the status of the case until after it had been dismissed.

{¶ 6} The client retained new counsel and filed suit in state court. After Wilcoxson failed to comply with the new counsel's request that Wilcoxson provide the client's file, the client filed a grievance with relator in August 2015. Wilcoxson did not respond to the investigator's repeated requests for a meeting and the production of the client's file. But on January 7, 2016, Wilcoxson voluntarily appeared before the Dayton Bar Association Certified Grievance Committee. At that time, he answered all of the committee members' questions and freely admitted that he had failed to properly handle his client's legal matter. Several months later, Wilcoxson spoke with the client during a chance social encounter and agreed to refund $300 of the client's $500 payment ($400 of which represented the filing fee), and the client picked up the refund check in October 2016.

{¶ 7} The parties stipulated and the board found that Wilcoxson's conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep a client reasonably informed about the status of a matter), 1.16(d) (requiring a lawyer withdrawing from representation to take steps reasonably practicable to protect a client's interest), 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation), and 8.4(a) (prohibiting a lawyer from violating or attempting to violate the Ohio Rules of Professional Conduct). The panel unanimously dismissed an additional alleged violation that was not addressed in the consent-to-discipline agreement.

{¶ 8} The parties stipulated and the board found that one aggravating factor is present—that Wilcoxson failed to notify his client that he did not maintain

professional-liability insurance.[1]  *See* Gov.Bar R. V(13)(A).  Mitigating factors, in contrast, include the absence of prior discipline, the absence of a dishonest or selfish motive, payment of restitution, and evidence of Wilcoxson's good character and reputation.  *See* Gov.Bar R. V(13)(C)(1), (2), (3), and (5).

**{¶ 9}** The board recommends that we adopt the parties' consent-to-discipline agreement and suspend Wilcoxson from the practice of law for six months, all stayed on the condition that he engage in no further misconduct.  In support of that recommendation, the board cited three cases in which we imposed conditionally stayed six-month suspensions for comparable misconduct.

**{¶ 10}** In *Disciplinary Counsel v. Shuler*, 129 Ohio St.3d 509, 2011-Ohio-4198, 954 N.E.2d 593, the attorney neglected two client matters and failed to cooperate in the ensuing disciplinary investigations.  We imposed a six-month suspension, fully stayed on conditions that included the attorney's successful completion of his three-year contract with the Ohio Lawyers Assistance Program.  No aggravating factors were present, and mitigating factors included the absence of prior discipline, the absence of a dishonest or selfish motive, evidence of good character and reputation, and a qualifying mental-health diagnosis.

**{¶ 11}** We also imposed a conditionally stayed six-month suspension in *Dayton Bar Assn. v. Hooks*, 139 Ohio St.3d 462, 2014-Ohio-2596, 12 N.E.3d 1212, for misconduct that included neglect of a single matter, failure to reasonably communicate with the client, and failure to cooperate in the disciplinary investigation.  The only aggravating factor was Hooks's commission of multiple offenses, and mitigating factors included the absence of prior discipline, the absence of a dishonest or selfish motive, and his acceptance of responsibility for the misconduct.

---

[1] Relator's complaint did not allege a violation of Prof.Cond.R. 1.4(c) (requiring a lawyer to inform a client if the lawyer does not maintain professional-liability insurance).  Stipulated evidence suggests that Wilcoxson attempted to comply with that rule, albeit unsuccessfully.

**{¶ 12}** And in *Columbus Bar Assn. v. Kluesener*, 150 Ohio St.3d 322, 2017-Ohio-4417, 81 N.E.3d 457, we imposed a six-month suspension, fully stayed on the condition that the attorney engage in no further misconduct, based on the attorney's neglect of a single matter, failure to provide competent representation, failure to keep the client reasonably informed, failure to protect the client's interests on withdrawal from the representation, and intentional failure to comply with legal discovery requests. No aggravating factors were present, but relevant mitigating factors included the absence of prior discipline, the absence of a dishonest or selfish motive, full and free disclosure to the board and a cooperative attitude toward the disciplinary proceedings, evidence of good character and reputation, and the attorney's full acknowledgment of his misconduct.

**{¶ 13}** Based on the foregoing, we agree that Wilcoxson's conduct violated Prof.Cond.R. 1.3, 1.4(a)(3), 1.16(d), 8.1(b), and 8.4(a) and that a conditionally stayed six-month suspension is the appropriate sanction for that misconduct. We therefore adopt the parties' consent-to-discipline agreement.

**{¶ 14}** Accordingly, Clinton Ralph Wilcoxson II is suspended from the practice of law in Ohio for six months, all stayed on the condition he engage in no further misconduct. If Wilcoxson fails to comply with the condition of the stay, the stay will be lifted and he will serve the full six-month suspension. Costs are taxed to Wilcoxson.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

DEGENARO, J., not participating.

_____

Ruffolo, Stone & Stone and John M. Ruffolo; and Auman, Mahan & Furry and David M. Rickert, for relator.

Leppla Associates, Ltd., Gary J. Leppla, and Philip J. Leppla, for respondent.

_____