**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*Cleveland Metro. Bar Assn. v. Perry,* **Slip Opinion No. 2019-Ohio-764.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-764

CLEVELAND METROPOLITAN BAR ASSOCIATION *v*. PERRY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cleveland Metro. Bar Assn. v. Perry,* Slip Opinion No. 2019-Ohio-764.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failing to act with reasonable diligence and failing to keep a client reasonably informed about the status of a matter—Public reprimand.*

(No. 2018-1092—Submitted January 9, 2019—Decided March 7, 2019.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2018-008.

_____

**Per Curiam.**

**{¶ 1}** Respondent, William Francis Perry, of Westlake, Ohio, Attorney Registration No. 0075943, was admitted to the practice of law in Ohio in 2003.[1]

_____

1. The complaint and the consent-to-discipline agreement filed in this case both state the wrong date regarding Perry's admission to the practice of law in Ohio. As Perry asserts in his answer, he was admitted to the practice of law in Ohio on May 9, 2003.

**{¶ 2}** In a formal complaint certified to the Board of Professional Conduct on February 1, 2018, relator, Cleveland Metropolitan Bar Association, charged Perry with several ethical violations relating to the representation of a single client. A panel of the board considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

**{¶ 3}** The parties stipulated that Carla L. Davis retained Perry during a telephone call in early November 2016 to negotiate with a collection agency because the agency had stopped accepting her student-loan payments. Perry asked Davis to provide him with all the information she had on the loans and the collection efforts that had been made, and he orally quoted a flat fee of $300 to research her situation. Perry also told Davis that the fact that she was still receiving telephone calls from the collection agency indicated that the creditor had not yet filed a lawsuit against her and that if a lawsuit was filed, she would receive a certified mailing from the court containing a copy of the complaint. Subsequent to this initial conversation, Perry conducted a search of the dockets of the Cuyahoga County Common Pleas Court and the Lakewood Municipal Court based on his awareness that Davis was living in Lakewood and he found no lawsuits pending against her. At this point, Perry was not aware that Davis's sister had cosigned on the delinquent student loans at issue and that she was living in Lorain County. And both Perry and Davis were unaware that four different lawsuits had been filed against Davis and her sister in Lorain County Common Pleas Court on May 3, 2016: *Natl. Collegiate Student Loan Trust 2007-4 v. Davis*, case No. 16CV189456 ("*Davis I*"); *Natl. Collegiate Student Loan Trust 2007-3 v. Davis*, case No. 16CV189460 ("*Davis II*"); *Natl. Collegiate Student Loan Trust 2005-3 v. Davis*, case No. 16CV189464 ("*Davis III*"); and *Natl. Collegiate Student Loan Trust 2006-3 v. Davis*, case No. 16CV189465 ("*Davis IV*").

**{¶ 4}** On November 4, 2016, Davis sent Perry an e-mail with four attachments containing pictures of case-related documents regarding the lawsuits,

including a "card" sent by the Lorain County Court of Common Pleas, all of which had been received by Davis's sister in Lorain County. Perry did not open or otherwise review these attachments. On November 21 and 22, motions for default judgment were filed against Davis in *Davis I*, *Davis III*, and *Davis IV*. On November 28, Perry sent Davis an e-mail stating, "I have tried to call you a few times but the number is always busy. If you still have [questions] or need assistance, feel free to contact me."

{¶ 5} On December 1, 2016, a default judgment was granted against Davis in *Davis II*. On December 12, Davis sent Perry an e-mail asking him to clarify what information she needed to give him before he contacted the collection agency regarding her loans. In addition, Davis stated in her e-mail that she had "court issued letters" that seemed to indicate that "they've taken what was originally 4 loans and broken them into many different lawsuits." The following day, Perry responded by informing Davis in an e-mail that she should provide him with "copies of all court documents, collection letters, etc., plus a $300 check for the negotiation fees." On December 19, a default judgment was entered against Davis in *Davis III*.

{¶ 6} On January 3, 2017, Perry received several e-mails from Davis. Davis's first e-mail contained three attachments and stated, "Sorry for the delay with work and holidays. I am sending over everything I have received regarding my loans in the past few months in the attachments. I assume I send a check to the address at the bottom of your email and make it out to you?" The three attachments to Davis's e-mail pertained to the lawsuits pending in Lorain County against her— and one attachment included a notice of the default judgment in *Davis III*—but Perry did not review any of the attachments and simply responded: "Thanks. The check can be made to: William F. Perry Co., LPA." Davis then replied to Perry's message with an e-mail that contained an attached document entitled "Notice of Court Proceeding to Collect Debt," but once again, Perry failed to review the e-

mail attachment that Davis sent to him. On January 12, Davis sent an e-mail to Perry asking whether he had received the check she had sent to him, because it had not been cashed. The next day, Perry cashed Davis's check for $300 and on January 17, Perry sent an e-mail to Davis confirming that he had received the check. On January 18, a default judgment was entered against Davis in *Davis IV*.

{¶ 7} Over the next two months, Davis called Perry's cell phone and work phone a number of times and left messages regarding her cases, but Perry did not return Davis's calls. On January 26, 2017, an order and notice of garnishment was filed and approved in *Davis II*, and the following day, a default judgment was entered against Davis in *Davis I*.

{¶ 8} On February 26, 2017, Davis e-mailed Perry regarding the status of her matters and stated: "I just noticed on my paystub from this week, I have a garnishment of $335.69. It is listed as Creditor Garnishment (16CV189460) so I am not exactly sure where it came from, but I do not have any other debt in collections." Perry did not respond to Davis's e-mail. On March 14, 2017, Davis resent her e-mail of February 26 to Perry and stated: "I have not been able to reach you via phone or voicemail, if email is easier, please let me know any advice or information about my wages being garnished or any information about the collections agency and my student loans." Again, however, Perry did not respond. Davis then contacted one of Perry's colleagues—an attorney who had initially referred her to Perry—and requested that he reach out to Perry.

{¶ 9} On March 22, 2017, more than two months after Davis responded to Perry's requests for information, Perry contacted Davis by phone and e-mail and apologized for not returning her calls and not responding to her e-mails. In a series of e-mails sent on March 22 and 25, Perry for the first time acknowledged one of the four student-loan cases pending in Lorain County against Davis and he advised Davis of some possible defenses that might be available to have the judgment obtained against her in that case set aside. In addition, Perry informed Davis that

4

the filing of "a Chapter 13 bankruptcy [would] stop the garnishment immediately." No further e-mail communications took place between Perry and Davis after March 25, 2017.

{¶ 10} The parties stipulated and the board found that Perry's conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), and 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client). Relator agreed to dismiss one additional alleged violation.

{¶ 11} There are no aggravating factors present. The mitigating factors are a lack of any prior disciplinary record, absence of a dishonest or selfish motive, restitution made to Davis in the amount of $300, and the submission of evidence of good character and reputation. *See* Gov.Bar R. V(13)(C)(1), (2), (3), and (5).

{¶ 12} The board recommends that we adopt the parties' consent-to-discipline agreement in its entirety and publically reprimand Perry. In support of its recommendation, the board cites *Columbus Bar Assn. v. Smith*, 143 Ohio St.3d 436, 2015-Ohio-2000, 39 N.E.3d 488, in which we imposed a public reprimand on an attorney for her failure to keep two brothers informed about the status of their respective habeas corpus proceedings and failure to act with reasonable diligence. There were no aggravating factors in that case and a number of the mitigating factors were the same as the mitigating factors here. Given the similar misconduct in this case, the absence of any aggravating factors, and the presence of the four mitigating factors that are comparable to the mitigating factors in *Smith*, we agree with the board that a public reprimand is the appropriate sanction.

{¶ 13} Based upon the foregoing, we agree that Perry's conduct violated Prof.Cond.R. 1.3, 1.4(a)(3), and 1.4(a)(4) and that a public reprimand is the appropriate sanction for that misconduct. We therefore adopt the parties' consent-to-discipline agreement.

**{¶ 14}** Accordingly, William Francis Perry is hereby publicly reprimanded. Costs are taxed to Perry.

Judgement accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Tucker Ellis, L.L.P., Karen E. Ross, Giuseppe W. Pappalardo, and Robert J. Hanna; and Heather M. Zirke, Bar Counsel, and Kari L. Burns, Assistant Bar Counsel, for relator.

Gallagher Sharp, L.L.P., Timothy T. Brick, and Matthew T. Norman, for respondent.

_____