**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cleveland Metro. Bar Assn. v. Hackerd,* **Slip Opinion No. 2019-Ohio-1340.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1340

CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* HACKERD.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cleveland Metro. Bar Assn. v. Hackerd,* Slip Opinion No. 2019-Ohio-1340.]**

*Attorneys—Misconduct—Violation of the Rules of Professional Conduct—Engaging in conduct prejudicial to the administration of justice—Public reprimand.*

(No. 2018-1434—Submitted January 9, 2019—Decided April 11, 2019.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2017-068.

_____

**Per Curiam.**

**{¶ 1}** Respondent, Richard Earl Hackerd, of Cleveland, Ohio, Attorney Registration No. 0055306, was admitted to the practice of law in Ohio in 1991.

**{¶ 2}** In a complaint certified to the Board of Professional Conduct on November 30, 2017, relator, Cleveland Metropolitan Bar Association, alleged that

Hackerd committed several ethical violations by representing the former spouse of a former client in a child-custody case and opposing the former client's motion to disqualify him from that representation.

**{¶ 3}** The parties entered into stipulations of fact and mitigating factors. After conducting a hearing, a panel of the board issued a report recommending that Hackerd be publicly reprimanded for engaging in conduct that was prejudicial to the administration of justice. The panel unanimously dismissed three other alleged rule violations. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction.

**{¶ 4}** We accept the board's findings of fact and misconduct and agree that a public reprimand is the appropriate sanction in this case.

### Misconduct

**{¶ 5}** In November 2006, Hackerd agreed to represent Rainie Krenn, the wife of his longtime friend and former client Tim Krenn, in a child-support and visitation matter involving Ms. Krenn's daughter from a previous relationship. Mr. Krenn later agreed to adopt the child, and Hackerd represented the couple in the stepparent-adoption proceeding. The Krenns divorced in 2015, and Hackerd did not participate in those proceedings.

**{¶ 6}** In January 2017, Ms. Krenn initiated postdecree proceedings seeking to have Mr. Krenn cited for contempt, to modify the court's prior school-placement order, and to enforce the parenting-time and child-support orders. Mr. Krenn retained Hackerd to represent him in the postdecree proceedings.

**{¶ 7}** In March 2017, Ms. Krenn asked the trial court to disqualify Hackerd from representing Mr. Krenn in the proceedings. At a hearing on the motion, Ms. Krenn testified that when Hackerd was representing her, she told him personal, and possibly inflammatory, things about her past, and she expressed concern that this information might be used against her in the pending litigation.

**{¶ 8}** On March 15, 2017, the trial court granted Ms. Krenn's motion. Five days later, Hackerd appealed the judgment. While that appeal was pending, the trial court issued an order suspending Mr. Krenn's parenting time. Hackerd moved the court of appeals to vacate that ruling and filed a brief opposing Ms. Krenn's motion to dismiss the motion to vacate. The court of appeals denied Hackerd's motion and later affirmed the disqualification entry. On October 19, 2017, Hackerd withdrew from the case.

**{¶ 9}** The panel found that Hackerd violated Prof.Cond.R. 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice) by continuing to represent Mr. Krenn in contravention of the trial court's disqualification order. But citing the insufficiency of the evidence, the panel unanimously dismissed three other charges arising from allegations that Hackerd violated the duties he owed to his former client, Ms. Krenn, when he represented Mr. Krenn against her in the postdecree matters involving substantially similar issues to those that were the subject of Hackerd's prior representation of Ms. Krenn. *See* Gov.Bar R. V(12)(G).[1] The board adopted the panel's findings of fact and misconduct.

### Sanction

**{¶ 10}** When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

**{¶ 11}** The parties stipulated and the board agreed that four mitigating factors are present—Hackerd has no prior disciplinary record, he acted without a dishonest or selfish motive, he offered full and free disclosure to the board and

---

[1] We have held that a unanimous dismissal by the panel precludes further review of the dismissal by either the board or this court. *See, e.g.*, *Disciplinary Counsel v. Maciak*, 153 Ohio St.3d 185, 2018-Ohio-544, 102 N.E.3d 485.

demonstrated a cooperative attitude toward the disciplinary proceedings, and he presented evidence of his good character and reputation. *See* Gov.Bar R. V(13)(C)(1), (2), (4), and (5). The board also noted that Hackerd exhibited complete remorse for his misconduct. No aggravating factors are present. *See* Gov.Bar R. V(13)(B).

{¶ 12} The board recommends that we publicly reprimand Hackerd for his misconduct. The board notes that we have never before sanctioned an attorney for a stand-alone violation of Prof.Cond.R. 8.4(d). But in *Akron Bar Assn. v. Fink*, 131 Ohio St.3d 34, 2011-Ohio-6342, 959 N.E.2d 1045, we publicly reprimanded an attorney who stipulated that he violated Prof.Cond.R. 8.4(d) and Gov.Bar R. V(4)(G) by failing to respond to letters of inquiry and two subpoenas duces tecum he received from a certified grievance committee of a local bar association. And in *Disciplinary Counsel v. Smith*, 146 Ohio St.3d 209, 2016-Ohio-1584, 54 N.E.3d 1208, we publicly reprimanded an attorney who stipulated to six rule violations, including a violation of Prof.Cond.R. 8.4(d), arising from her failure to attend a scheduled custody hearing, failure to properly withdraw from representation, and initial failure to cooperate in the ensuing disciplinary investigation.

{¶ 13} Based on our independent review of the record in this case and our precedent, we agree that Hackerd's continued representation of Mr. Krenn in violation of the trial court's disqualification order violated Prof.Cond.R. 8.4. Given this single rule violation, the absence of any aggravating factors, and the presence of significant mitigating factors, we agree that a public reprimand is the appropriate sanction in this case.

{¶ 14} Accordingly, Richard Earl Hackerd is publicly reprimanded. Costs are taxed to Hackerd.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, and STEWART, JJ., concur.

DONNELLY, J., not participating.

_____

Jones Day, L.L.P., Robert S. Faxon, and Joseph Z. Czerwien; and Heather M. Zirke, Bar Counsel, and Kari L. Burns, Assistant Bar Counsel, for relator.

Gallagher Sharp, L.L.P., and Monica A. Sansalone, for respondent.

_____