**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Wilcoxson*, **Slip Opinion No. 2021-Ohio-3964.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-3964

DISCIPLINARY COUNSEL *v*. WILCOXSON.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Wilcoxson*, Slip Opinion No. 2021-Ohio-3964.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Two-year suspension with 18 months stayed on conditions and proof of compliance with terms of Ohio Lawyers Assistance Program contract—Monitored probation in accordance with Gov.Bar R. V(21) focused on law-office management and client communications imposed.*

(No. 2021-0764—Submitted August 3, 2021—Decided November 10, 2021.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2020-049.

_____

**Per Curiam.**

{¶ 1} Respondent, Clinton Ralph Wilcoxson II, of Dayton, Ohio, Attorney Registration No. 0061974, was admitted to the practice of law in Ohio in 1993. On July 12, 2018, we imposed a conditionally stayed six-month suspension on

Wilcoxson based on our findings that he had neglected a client matter, failed to reasonably communicate with the client, failed to return the client's file, and failed to cooperate in the resulting disciplinary investigation. *Dayton Bar Assn. v. Wilcoxson*, 153 Ohio St.3d 279, 2018-Ohio-2699, 104 N.E.3d 772.

{¶ 2} In an August 2020 complaint, relator, disciplinary counsel, alleged that Wilcoxson violated the Ohio Rules of Professional Conduct by failing to file a brief in a client's appeal of his criminal conviction, failing to reasonably communicate with the client about the status of the matter, and falsely advising the client's mother that he had prepared and filed a motion to reopen the appeal.

{¶ 3} The parties submitted stipulations of fact and Wilcoxson admitted that he committed all but one of the charged violations. Wilcoxson and a character witness also testified at a hearing before a three-member panel of the Board of Professional Conduct. The board issued a report finding that Wilcoxson committed all the charged misconduct. The board recommended that we suspend him from the practice of law for two years with 18 months conditionally stayed, that an additional condition on his reinstatement to the practice of law be imposed, and that he be required to serve one year of monitored probation. No objections have been filed. We adopt the board's findings of misconduct and recommended sanction.

**Misconduct**

{¶ 4} In January 2019, Scott and Lori O'Connor ("the O'Connors") retained Wilcoxson to represent their son, Daniel, in his appeal of his criminal conviction. They agreed to pay a flat fee of $5,000—$3,000 up front, with the remaining $2,000 to be paid in monthly installments.

{¶ 5} On January 11, 2019, Wilcoxson filed Daniel's notice of appeal to the Second District Court of Appeals. On January 28, the court of appeals issued an App.R. 11(B) notice that the record was complete. The deadline for filing Daniel's appellate brief was February 19. Although Wilcoxson received the court's notice, he did not timely file a brief or move for an extension of the deadline.

{¶ 6} On March 14, the court of appeals issued a show-cause order requiring Wilcoxson to either file Daniel's appellate brief within 14 days or show cause why the case should not be dismissed. Wilcoxson did not inform Daniel or the O'Connors of the court's order, and he took no action on it. Consequently, the court dismissed Daniel's appeal on April 19.

{¶ 7} Wilcoxson did not inform Daniel or the O'Connors that the court had dismissed the appeal. Nor did he reply to Lori's June 4 email in which she stated that her attempts to reach him had been unsuccessful. On or about June 26, Lori stopped by Wilcoxson's office and spoke with him. He informed her that he had experienced some medical difficulties and had failed to timely file a brief on Daniel's behalf. Wilcoxson prepared a check to refund a portion of the fee that the O'Connors had paid him, but after discussing the matter with Lori, he agreed to file a motion to reopen the appeal and complete the representation for the amount that the O'Connors had already paid him.

{¶ 8} Wilcoxson prepared an undated motion to reopen the appeal and an appellate brief, but he never filed those documents with the court. In response to email inquiries sent by Lori on July 9 about the status of the appeal, Wilcoxson sent an email to Lori in which he falsely stated: "The motion was sent by runner on Monday afternoon. I have not received a return yet. Likely received by the court on Tuesday morning." Ten days later, in response to another email inquiry by Lori, Wilcoxson wrote, "Good morning Mrs. O'Connor, I am awaiting acceptance from the Clerk of Courts. The Court will likely respond with[in] a week or two. After they respond we can file the brief." Although Wilcoxson claimed that he did not recall sending those emails, in a response to one of relator's letters of inquiry, he acknowledged that he "must have at some point." At his disciplinary hearing, however, he testified that his assistant may have sent the emails—although she denied that she had done so. The board did not find his testimony on that matter to be credible. Furthermore, the board noted that Wilcoxson stipulated that if Lori

were called to testify, she would state that during a telephone conversation in August 2019, Wilcoxson told her that he had sent a courier to the court "with a filing to have the appeal reinstated."

{¶ 9} Wilcoxson did not respond to additional inquiries from the O'Connors regarding the status of his representation of Daniel and Daniel's case. Nor did he respond to an email from Lori in which she expressed concern about his failure to communicate with her, her inability to find any record of Daniel's appeal, and her intention to retain new counsel for Daniel. After retaining new counsel, Lori learned that Wilcoxson had never filed a motion to reopen Daniel's appeal or an appellate brief.

{¶ 10} Daniel's new counsel filed a motion to reopen his appeal in October 2019. The court of appeals granted that motion on December 4, 2019, and ultimately affirmed Daniel's conviction. In the interim, Wilcoxson refunded the O'Connors' $3,300—the total amount that they had paid him.

{¶ 11} Consistent with the parties' stipulations, the board found that Wilcoxson's conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). The board also found that relator presented clear and convincing evidence that Wilcoxson violated Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) by falsely informing the O'Connors that he had filed a motion to reopen Daniel's appeal.

{¶ 12} We adopt the board's findings of misconduct.

4

**Sanction**

{¶ 13} When imposing sanctions for lawyer misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 14} As for aggravating factors, the board found that Wilcoxson was disciplined for engaging in similar misconduct just nine months before he missed the appellate-brief filing deadline in Daniel's case and that he acted with a dishonest or selfish motive by attempting to conceal his misconduct from the O'Connors. *See* Gov.Bar R. V(13)(B)(1) and (2). Based on his attempts to conceal his misconduct and his efforts to blame his assistant for the misrepresentations that he made to the O'Connors, the board also found that he failed to fully acknowledge his wrongdoing. *See* Gov.Bar R. V(13)(B)(7).

{¶ 15} As for mitigating factors, the board found that Wilcoxson made a timely, good-faith effort to make restitution (albeit after the O'Connors obtained new counsel for Daniel), exhibited a cooperative attitude toward the disciplinary proceedings, submitted letters from two judges and the testimony of a third judge regarding his good character or reputation, and offered his own testimony regarding his community service. *See* Gov.Bar R. V(13)(C)(3), (4), and (5). Although Wilcoxson presented the testimony of his treating physician regarding his diagnosed medical disorder, the board found that the evidence was insufficient to establish his disorder as a mitigating factor pursuant to Gov.Bar R. V(13)(C)(7).

{¶ 16} The board recommends that Wilcoxson serve a two-year suspension with 18 months stayed on conditions, be required to abide by the terms of the two-year contract that he entered with the Ohio Lawyers Assistance Program ("OLAP") on December 24, 2020, and serve a one-year period of monitored probation upon his reinstatement to the practice of law.

**{¶ 17}** In support of that sanction, the board considered four cases in which we imposed a two-year suspension with 18 months conditionally stayed and a period of monitored probation on attorneys who, like Wilcoxson, neglected at least one client matter and failed to reasonably communicate with the affected client. Of those cases, we find *Cleveland Metro. Bar Assn. v. Bancsi*, 141 Ohio St.3d 457, 2014-Ohio-5255, 25 N.E.3d 1018, *Disciplinary Counsel v. Engel*, 154 Ohio St.3d 209, 2018-Ohio-2988, 113 N.E.3d 481, and *Disciplinary Counsel v. Karp*, 156 Ohio St.3d 218, 2018-Ohio-5212, 124 N.E.3d 819, to be most instructive.

**{¶ 18}** Bancsi neglected a client's case by failing to respond to interrogatories relating to the client's motion to modify spousal support, which resulted in the dismissal of the client's motion and a 12-month delay in the reduction of his spousal-support obligation. *Bancsi* at ¶ 5-10. Similarly, Engel failed to take any action to settle a client's debt, leaving the client to resolve the issue on her own nearly a year after she retained him. *Engel* at ¶ 6-7. In both cases, the attorneys had prior disciplinary action against them. *See Bancsi* at ¶ 1; *Engel* at ¶ 2.

**{¶ 19}** Karp neglected a client's immigration matter, failed to explain the matter to the extent reasonably necessary to permit the client to make an informed decision, and failed to reasonably consult with the client about the means by which her objectives were to be accomplished. *Karp* at ¶ 15. Like Wilcoxson, Karp also engaged in dishonesty by misrepresenting the status of the case to his client (and her employer). *See id.* at ¶ 7-10, 23. In addition, Karp made misrepresentations to the federal government, made false statements of material fact in connection with the resulting disciplinary proceeding, and failed to appreciate the gravity of his misconduct; but in contrast to Wilcoxson, Karp had no prior discipline. *See id.* at ¶ 10, 14-15, 20, 23.

**{¶ 20}** In *Karp*, we acknowledged that "an actual suspension from the practice of law is particularly appropriate when an attorney has made deliberately

false statements to a client." 156 Ohio St.3d 218, 2018-Ohio-5212, 124 N.E.3d 819, at ¶ 22, citing *Disciplinary Counsel v. King*, 74 Ohio St.3d 612, 614, 660 N.E.2d 1160 (1996) (emphasizing the attorney's dishonesty toward his client in justifying the imposition of a six-month suspension for repeatedly and falsely assuring the client that he had refiled the client's claim). *Accord Disciplinary Counsel v. Stollings*, 111 Ohio St.3d 155, 2006-Ohio-5345, 855 N.E.2d 479, ¶ 13. The sum of Wilcoxson's misconduct—including his deliberately false statements to the O'Connors—warrants the imposition of an actual suspension from the practice of law. And the similarities between Wilcoxson's misconduct and the misconduct at issue in *Bancsi*, *Engel*, and *Karp* make the sanction that we imposed in those cases—a two-year suspension with 18 months conditionally stayed—particularly appropriate here. Therefore, we adopt the board's recommended sanction.

### Conclusion

{¶ 21} Accordingly, Clinton Ralph Wilcoxson II is suspended from the practice of law in Ohio for two years with 18 months stayed on the conditions that he commit no further misconduct and pay the costs of this proceeding. If he fails to comply with the conditions of the stay, the stay will be lifted, and he will serve the entire two-year suspension. In addition to the conditions of reinstatement set forth in Gov.Bar R. V(24)(C), Wilcoxson shall be required to submit proof that he is in compliance with the terms of his December 24, 2020 OLAP contract. And upon reinstatement to the practice of law, he shall serve a one-year period of monitored probation in accordance with Gov.Bar R. V(21) focused on his law-office management and client communications. Costs are taxed to Wilcoxson.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

––––––––––––––––

Joseph M. Caligiuri, Disciplinary Counsel, and Martha S. Asseff and Karen H. Osmond, Assistant Disciplinary Counsel, for relator.

Leppla Associates, Ltd., and Gary J. Leppla, for respondent.

_____