**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Medina Cty. Bar Assn. v. Schriver*, **Slip Opinion No. 2022-Ohio-486.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-486

MEDINA COUNTY BAR ASSOCIATION *v.* SCHRIVER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Medina Cty. Bar Assn. v. Schriver*, Slip Opinion No. 2022-Ohio-486.]**

*Attorneys—Misconduct—Failure to act with reasonable diligence, to keep a client reasonably informed about the status of a matter, to promptly deliver client papers as part of the termination of representation, and to promptly refund an unearned fee—Failure to cooperate in a disciplinary investigation— Public reprimand.*

(No. 2021-0973—Submitted September 22, 2021—Decided February 23, 2022.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2020-079.

_____

**Per Curiam.**

{¶ 1} Respondent, Andrew Charles Schriver, of Cleveland, Ohio, Attorney Registration No. 0096887, was admitted to the practice of law in Ohio in 2017. In a December 30, 2020 complaint, relator, Medina County Bar Association, charged

Schriver with multiple ethical violations arising from his representation of a single client and his failure to cooperate in the ensuing disciplinary investigation. Schriver waived a probable-cause determination and entered stipulations of fact and misconduct. After a hearing, a panel of the Board of Professional Conduct issued a report finding that Schriver had committed the alleged rule violations and recommending that he be publicly reprimanded for his misconduct. The board adopted the findings of fact, conclusions of law, and recommendation of the hearing panel. We adopt the board's findings of misconduct and recommended sanction.

**Stipulated Facts and Misconduct**

*Count One: The Taylor Matter*

**{¶ 2}** On January 23, 2019, Ty Taylor retained Schriver to represent him in all matters related to a fraud that was allegedly perpetrated against Taylor by various third parties; the representation included a lawsuit that was pending against Taylor in the Portage County Court of Common Pleas. Taylor paid a fee deposit of $2,500, and in August 2019, he made an additional $1,000 payment.

**{¶ 3}** Schriver represented Taylor in the Portage County case, which was dismissed with prejudice on November 12, 2019. In a related matter, however, a bank continued to pursue Taylor on an unpaid credit-card debt that Taylor contended he did not owe. Taylor repeatedly expressed his concerns to Schriver about the bank's claim and its negative effect on his credit report. In response, Schriver promised to get more aggressive and send a response to the bank, but he never followed through on that promise.

**{¶ 4}** After November 25, 2019, Taylor and one of his friends left numerous messages for Schriver at his place of employment and on his cell phone; they also attempted to reach Schriver through social media. Schriver did not respond to their communications. Although Shriver billed Taylor for only $820, Schriver did not refund the remaining $2,680 of Taylor's fee or return his file until

2

December 21, 2020—after Taylor filed a grievance and relator sent Schriver a copy of a proposed disciplinary complaint against him.

**{¶ 5}** The parties stipulated and the board found that Schriver's conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), 1.16(d) (requiring a lawyer to promptly deliver client papers and property as part of the termination of representation), and 1.16(e) (requiring a lawyer to promptly refund any unearned fee upon the lawyer's withdrawal from employment).

*Count Two: Failure to Cooperate*

**{¶ 6}** On March 19, 2020, relator sent a letter of inquiry to Schriver at his home office, which is the address that appeared on the retainer agreement he had Taylor sign, and also to his office email address. He did not respond to that letter or two others—one that was sent to his new place of employment and one that was sent to his home. Relator also made several unsuccessful attempts to reach him by phone. When relator's investigator finally spoke with Schriver by phone on May 15, 2020, Schriver stated that he would send a written response to the grievance by May 19. But Schriver did not submit his response, and the investigator's subsequent efforts to reach him by phone were unsuccessful. Schriver finally began to communicate with relator after being served with a proposed disciplinary complaint in November 2020. Schriver ultimately waived his right to an independent probable-cause determination by the board. *See* Gov.Bar R. V(11)(B).

**{¶ 7}** The parties stipulated and the board found that Schriver's conduct violated Prof.Cond.R. 8.1(b) and Gov.Bar R. V(9)(G) (both prohibiting a lawyer from knowingly failing to respond to demands for information in connection with a disciplinary matter).

**{¶ 8}** We adopt the board's findings of misconduct with respect to each of these counts.

## Sanction

**{¶ 9}** When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the attorney violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

**{¶ 10}** No aggravating factors are present here. However, the parties stipulated and the board agreed that five mitigating factors are present, namely, Schriver's clean disciplinary record; his lack of a dishonest or selfish motive; his timely, good faith effort to make restitution; his full and free disclosure to the board and cooperative attitude toward the proceedings after he received relator's proposed complaint; and evidence of his good character and reputation. *See* Gov.Bar R. V(13)(C)(1) through (5).

**{¶ 11}** Schriver testified that he has been diagnosed with several mental disorders. Although he did not attempt to establish those disorders as a mitigating factor, he did submit evidence that he had entered into a two-year mental-health contract with the Ohio Lawyers Assistance Program ("OLAP") in July 2020. Shriver explained that he had fallen out of compliance with that contract for a time because he was concerned about regularly taking time off from work for treatment amidst rumors that his employer at the time, the Medina County Public Defender's Office, might be closing. He reengaged with OLAP in March 2021 and was in compliance with his contract at the time of his disciplinary hearing. He testified that he now works in his "dream job" at the Cuyahoga County Public Defender's Office, where he has a strong support system that was not available to him when he was in private practice and the misconduct at issue occurred. He also stated that he has no plans to return to private practice.

**{¶ 12}** In determining the appropriate sanction for Schriver's misconduct, the board considered eight cases cited by the parties in support of their joint recommendation of a public reprimand. For example, in *Columbus Bar Assn. v. Bhatt*, 133 Ohio St.3d 131, 2012-Ohio-4230, 976 N.E.2d 870, we publicly reprimanded an attorney who had neglected two client matters, resulting in the dismissal of a child-custody case, had failed to keep his clients reasonably informed about the status of their matters, and had failed to inform his clients that his professional-liability insurance had lapsed. Similarly, in *Cleveland Metro. Bar Assn. v. Perry*, 156 Ohio St.3d 319, 2019-Ohio-764, 126 N.E.3d 1088, we publicly reprimanded an attorney who had neglected a single client matter, resulting in the imposition of a default judgment and wage garnishment against his client. And in *Disciplinary Counsel v. Smith*, 146 Ohio St.3d 209, 2016-Ohio-1584, 54 N.E.3d 1208, we publicly reprimanded an attorney who had failed to attend a scheduled custody hearing, had failed to properly withdraw from the representation, and had initially failed to cooperate in the ensuing disciplinary investigation.

**{¶ 13}** The board also considered several cases in which we imposed six-month conditionally stayed suspensions on attorneys who had engaged in misconduct comparable to—but more egregious than—Schriver's. For example, in *Columbus Bar Assn. v. Kluesener*, 150 Ohio St.3d 322, 2017-Ohio-4417, 81 N.E.3d 457, we imposed a six-month stayed suspension on an attorney who had failed to act with reasonable diligence, had intentionally failed to comply with legally proper discovery requests, had failed to provide competent representation to a client, and had failed to keep his client reasonably informed about the status of the matter. But Kluesener's misconduct was more egregious than Schriver's because the combination of Kluesener's failures resulted in the dismissal of his client's case with prejudice and Kluesener had failed to inform the client that his conduct could provide a cause of action for legal malpractice.

**{¶ 14}** In two other cases cited by the board, we imposed a six-month stayed suspension on attorneys who, like Schriver, had neglected single client matters, had failed to keep their clients reasonably informed about the status of their respective matters, had failed to cooperate in the ensuing disciplinary investigation, and in one case, had failed to deliver the client's file to successor counsel. *See Warren Cty. Bar Assn. v. Brenner*, 159 Ohio St.3d 367, 2020-Ohio-142, 151 N.E.3d 546; *Dayton Bar Assn. v. Wilcoxson*, 153 Ohio St.3d 279, 2018-Ohio-2699, 104 N.E.3d 772. But the misconduct in those cases was more egregious than the misconduct at issue in this case because it had prejudiced the clients' legal claims and Brenner and Wilcoxson each had had an interim default suspension imposed for their failure to answer the resulting disciplinary complaints. *See Brenner*; *Wilcoxson*.

**{¶ 15}** Finding that Schriver's misconduct was less egregious than that of the attorneys in *Kluesener*, *Brenner*, and *Wilcoxson*, and crediting him for his voluntary engagement in OLAP, ongoing mental-health treatment, payment of restitution, and decision to remove himself from solo practice, the board concluded that a public reprimand is the appropriate sanction in this case.

**{¶ 16}** Having independently reviewed the record and having considered our precedents and the significant mitigating factors that are present in this case, we agree that a public reprimand is the appropriate sanction for Schriver's misconduct.

### Conclusion

**{¶ 17}** Accordingly, Andrew Charles Schriver is publicly reprimanded for his misconduct in this case. Costs are taxed to Schriver.

Judgment accordingly.

KENNEDY, DEWINE, DONNELLY, and BRUNNER, JJ., concur.

O'CONNOR, C.J., and FISCHER and STEWART, JJ., concur in the finding of a violation but dissent in part on the sanction and would suspend respondent for six months, all stayed, and require a monitoring attorney for one year to ensure

respondent's continuing compliance with his Ohio Lawyers' Assistance Program obligations, which he had fallen out of compliance with for a period of time, as noted in the opinion.

————————————

Walker & Jocke Co., L.P.A., and Patricia A. Walker; and David V. Gedrock, for relator.

Andrew Charles Schriver, pro se.

————————————